### SHENFIELD v. BERNHEIMER.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

RIGHT TO JURY TRIAL—HOW WAIVED—JOINDER OF CAUSES OF ACTION.
   Where plaintiff includes in his complaint a cause of action of which he is not entitled to jury trial as well as one of which he is so entitled, he cannot, as a matter of right, demand a jury trial.

Appeal from special term, New York county. ·

Action by Abraham Shenfield against Jerome Bernheimer. From an order denying a motion to frame issues upon the pleadings, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Joseph Kohler*, for appellant. *Francis C. Reed*, for respondent.

VAN BRUNT, P. J. The complaint alleges two causes of action. The first alleges a copartnership between the plaintiff and defendant, and its dissolution, and demands an accounting. The second is brought apparently for a balance due upon a contract to pay money. The defendant answered, putting in issue material averments of the complaint, and set up an affirmative defense; and the plaintiff thereupon moved that issues be framed, and sent to a jury for trial. This motion was denied, and from the order thereupon entered this appeal is taken. It is true that, in his memorandum filed on deciding this motion, the learned justice who heard the motion stated that he thought the motion was premature, and that in this respect he was mistaken; but, as in the order it does not appear that the motion was decided only on this ground, this court must consider that it was denied generally. It is evident that the plaintiff is not entitled, as matter of right, to a jury trial, even though he has included in his complaint a cause of action which would have given him, if sued upon alone, such right; because, having included such cause of action with one in respect to which he is not entitled to a jury trial, he has waived a jury trial as a matter of right as to either cause of action. *Libmann* v. *Railroad Co.*, (Sup.) 13 N. Y. Supp. 378; *Cogswell* v. *Railroad Co.*, 105 N. Y. 319, 11 N. E. Rep. 518. The case cited by the appellant (*People* v. *Railroad Co.*, 57 N. Y. 162) is not in conflict with this view. All that that case decides is that, by combining in his complaint legal and equitable causes of action, a plaintiff cannot deprive a defendant of his constitutional right to trial by jury in respect to the legal causes of action. Therefore the plaintiff was not entitled, as a matter of right, to a jury trial, and we do not think that the discretion of the court was in any wise abused. There was nothing shown which in any wise made it proper to order a jury trial; and the order appealed from should be affirmed, with $10 costs and disbursements.