Eugenia Stowers, Respondent, *v.* Thomas Gilbert, Appellant.

Private Trespass on Land — Injunction — Measure of Damages. When the remedy invoked for a private trespass upon land, such as the erection of an encroaching wall by one who has no right to condemn the land, is a suit in equity for an injunction and damages, the plaintiff can recover, together with an injunction against future trespass, only his damages up to the entry of judgment; and a recovery on the basis of permanent damages is not permissible.

*Stowers* v. *Gilbert*, 85 Hun, 468, reversed.

(Argued June 15, 1898; decided October 4, 1898.)

Appeal from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered April 18, 1895, which modified a judgment in favor of the plaintiff

entered upon the report of a referee, and, as so modified, affirmed it.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick A. Mann* for appellant.   The division line between the parties, as found by the referee, cannot be supported by the evidence in this case on any possible theory. (*Kingsland* v. *Chittenden*, 6 Lans. 15; 1 Am. & Eng. Ency. of Law [2d ed.], 887; *Doherty* v. *Matsell*, 119 N. Y. 646; *Jones* v. *Smith*, 64 N. Y. 180; *Morse* v. *Churchill*, 41 Vt. 649; *Jones* v. *Smith*, 73 N. Y. 205; *Clark* v. *Wethey*, 19 Wend. 320.)   The judgment, as modified by the General Term, awards plaintiff $100 damages by reason of defendant's alleged trespass in cutting off edge of shingles, etc.   This is error, for the reason that there is no evidence whatever to support a judgment for damages.   The finding of damages was based entirely on incompetent and objectionable testimony, to which due exception was taken on the trial.   (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Pond* v. *M. E. R. Co.*, 112 N. Y. 186; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *Pappenheim* v. *M. E. R. Co.*, 128 N. Y. 445; *Benedict* v. *Arnoux*, 154 N. Y. 725; *Schenck* v. *Dart*, 22 N. Y. 420; *Foote* v. *Beecher*, 78 N. Y. 155; *Jefferson* v. *N. Y. E. R. R. Co.*, 132 N. Y. 483; *Roberts* v. *N. Y. E. R. R. Co.*, 128 N. Y. 455; *Andrews* v. *Tyng*, 94 N. Y. 16.)   Equity ought not to entertain jurisdiction in an action like this, where the judgment demanded operates as a hardship out of all proportion to the injury which it is intended to remedy.   (*Hall* v. *Rood*, 40 Mich. 46; *Fox* v. *Holcum*, 32 Mich. 494; *City of Big Rapids* v. *Comstock*, 65 Mich. 78; 10 Am. & Eng. Ency. of Law, 783, note 7; *Shumway* v. *Shumway*, 42 N. Y. 143; *Krekeler* v. *Ritter*, 62 N. Y. 372.)

*Charles M. Allen* for respondent.   The question of adverse possession and the question of overhanging eaves was in the

76

case, and the uncontradicted evidence on those points was so overwhelming that the judgment should be sustained on those grounds. (Code Civ. Pro. § 372; Washb. on Ease. & Serv. [4th ed.] 430, 534, 535, 536, 537, 740; *Neale* v: *Seeley,* 47 Barb. 314; *Campbell* v. *Seaman,* 63 N. Y. 568; *Bohan* v. *P. J. G. L. Co.,* 122 N. Y. 33.)

Bartlett, J.    This is an equitable action, brought for the purpose of restraining defendant from erecting a brick wall which plaintiff avers encroached upon her land, and to recover damages for the alleged trespass.    The plaintiff and defendant are adjoining owners of land situate upon the north side of Atkinson street, in the city of Rochester, the premises of the defendant lying next east of the plaintiff's.    The referee found that the plaintiff's house has stood in its present position for many years, and is within or west of the true line between plaintiff's and defendant's lands.    It is also found that between the old house, which defendant removed in order to erect the present structure, and the plaintiff's house, there was a narrow passageway through which a person could pass, and that the eaves of the two houses did not overlap each other.    The defendant, in erecting his new west wall, of which complaint is now made, evidently proceeded upon the theory that plaintiff's east wall encroached upon his land near the rear of the house several inches, and that it was his legal right to place the wall along the true line as he claimed it.    While attempting to do this he was served with the injunction in this action, the complaint praying that the defendant be restrained from interfering with, cutting or injuring in any manner plaintiff's said dwelling house, or the fences between the plaintiff's lot and defendant's lot, and restraining him from trespassing upon plaintiff's premises.

It is found that the defendant trespassed upon the plaintiff's land, removed the underpinning from the east end of a piazza or stoop, broke and tore down the line fence and grape trellis, tore up boards and shingles and cut off a portion of the shingles and cornice on the east side of plaintiff's house,

but that the cutting of the eaves was done under and in pursuance of an order of the court made in this action granted upon condition that the defendant give a bond with two sufficient sureties providing for the payment of any judgment which might be recovered by the plaintiff in this action on account of any cutting of the eaves of plaintiff's building pursuant to the permission granted by the order.

The defendant then completed the erection of his wall. This case was tried thereafter and resulted in a permanent injunction and a judgment for five hundred dollars damages against the defendant. The General Term reduced the damages to one hundred dollars and affirmed the judgment as modified.

It is unnecessary to examine the merits of this case as the court below adopted an improper measure of damages, and the judgment must be reversed.

The damages proved on the trial before the referee were not temporary, but permanent in character, and the evidence to establish the same was admitted over the objections and motions to strike out of the defendant.

The plaintiff swore two real estate brokers on the question of damages.

The first witness, Durgin, testified that the value of the premises before the trespass was $2,000, and after the erection of wall $1,500; he fixed value of house before trespass at $500.

The witness stated that he took into consideration drip, also light and air shut off.

The other witness, Knapp, fixed the damage to plaintiff's house by the erection of the wall at $500; he also stated that he took into consideration in fixing the damages the leakage of water from the higher building and cutting away the cornice and eaves, but shutting off light and air did not enter into his computation.

The evidence of these two witnesses, considered as a whole, covers to some extent the ground of permanent damages.

It is, to say the least, unusual that two real estate experts

should swear that the erection of defendant's wall damaged the plaintiff's house in a sum equal to its full value.

The General Term held the damages excessive and reduced the amount to $100. This reduction was, however, without warrant of law, as there is no evidence fixing the temporary damages of plaintiff up to the entry of judgment, which was the limit of recovery.

· A judgment against defendant for any sum as this record stands is fatally defective, being unsupported by evidence.

The rule of damages is settled in this state as to trespasses on land.

In a case where the defendant has the power to condemn the property he has entered upon (illustrated in the elevated railway cases), the plaintiff proceeds in equity for injunction or for his permanent damages. The plaintiff, if he receives the amount of the permanent damages, is by the court compelled to convey the interest to the defendant which the latter pays for in that way and condemnation proceedings are thus avoided.

It is conclusively determined that the trespass is to be continuous and the defendant concedes it when he avails himself of the condition and pays the permanent damage in order to receive the conveyance. It is only in this way that the plaintiff recovers as for a permanent damage to his property. (*Pappenheim* v. *M. E. R. Co.*, 128 N. Y. 436, 444, 445; *New York National Exchange Bank* v. *M. E. R. Co.*, 108 N. Y. 660.)

In a case like the one at bar, where the defendant has no power to condemn the property he has entered upon, two remedies are open to the plaintiff — an action at law for damages, and a suit in equity for an injunction and damages.

In the action at law only such temporary damages are recoverable as have been sustained up to the time of the commencement of the action, and the plaintiff may bring successive actions until the defendant abates the nuisance. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Pappenheim* v. *M. E. R. Co.*, 128 N. Y. 436; *Pond* v. *M. E. R.*

*Co.*, 112 N. Y. 186; *Plate* v. *N. Y. C. R. R. Co.*, 37 N. Y. 472; *Mahon* v. *N. Y. C. R. R. Co.*, 24 N. Y. 658.)

In the suit in equity, which is the remedy invoked in this case, the plaintiff recovers only his damages up to the entry of the judgment, and at the same time secures an injunction which prevents the future trespass. (*Pappenheim* v. *M. E. R. Co.*, 128 N. Y. 436, 445.)

The wall erected by defendant upon plaintiff's land is a nuisance and the defendant is under legal obligation to remove it, and it is not to be presumed he will-seek to continue it permanently in violation of the injunction of the court, thereby subjecting himself to damages in contempt proceedings, or ejectment.

Damages in the present action are not to be awarded upon the assumption of permanent injury, as the judgment does not and cannot operate as a purchase of the right to have the wall remain as at present constructed.

The rule of damages in cases of private trespass and nuisance has been so exhaustively examined in the able opinion of Judge EARL in *Uline* v. *N. Y. C. & H. R. R. R. Co.* (101 N. Y. 98) that it is quite unnecessary to review the authorities in detail.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed., etc.