## MOTT v. LEWIS et al.

(Supreme Court, Appellate Division, Fourth Department. June 5, 1900.)

REAL ESTATE—CONTINUOUS TRESPASS—ACTION AT LAW—MEASURE OF DAMAGES.
  In an action at law against a city for damages resulting from a continuous trespass to real estate abutting on its street, consisting in piling dirt thereon in an effort to raise the street grade, it is error to instruct that the measure of plaintiff's damage is the difference in value of the property before and after the dirt was placed thereon, since in such an action only damages accruing to commencement of the suit are recoverable, plaintiff being relegated for full relief either to renewed actions or to equity.

Appeal from trial term, Onondaga county.

Action by Philander Mott against H. Cassius Lewis and the city of Syracuse. From a judgment in favor of plaintiff and an order denying a motion for a new trial, defendants appeal. Reversed.

This action was commenced August 31, 1897, for trespass in piling dirt upon the premises of the plaintiff in the city of Syracuse. The alleged trespass was committed by the defendant Lewis, who was

a contractor doing work under the authority and direction of, and according to the manner provided by, the city of Syracuse.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and LAUGHLIN, JJ.

James E. Newell, for appellants.
Walter H. Knapp, for respondent.

SPRING, J. The plaintiff was the owner of two houses on the west side of Cortland avenue, in the city of Syracuse. In the street in front of his premises there had been for many years an approach to a bridge, filled in with dirt, which elevated the roadbed above the plaintiff's land about 10 feet. There was no sidewalk adjacent to the plaintiff's lot, and one was directed to be constructed by the city authorities. This required filling in with dirt to the street line along plaintiff's premises, and the earth drawn in was placed upon his lots, as no retaining wall or support was constructed to confine it within the street. The plaintiff had two houses on his lot, each three stories high,—one back from the street line about 20 feet, and the other about 10 feet,—and these buildings were occupied by tenants. The dirt embankment sloped down from the street line, and impacted against these dwellings, extending well up on the windows of the lower story of the front part of each house. That this dirt was piled on the plaintiff's premises by the defendant Lewis pursuant to the direction of the proper officers of the defendant, and in accordance with the plans and specifications made by them, and that the entry was an unwarranted invasion of the plaintiff's land, are facts established by undisputed evidence. The only question before us for review is as to the measure of damages. The action was at law, and the rule of damages adopted by the court was that the plaintiff was entitled to recover the difference between the value of his property burdened with the dirt and the value before the trespass was committed. The court said, at page 109:

"As I say, the measure of the plaintiff's damages in this case, if he is entitled to more than nominal damages, is the difference between what that place would have been worth with the dirt on it and what it would have been worth without the dirt on it. That is the thing that you are going to compensate him for, if you come to that question,—for having the dirt upon his lands."

An exception was taken by the defendants to this instruction. The effect of the verdict was to establish that the defendants were trespassers. They were wrongdoers, and the plaintiff might remove the encroachment or maintain a suit in equity to relieve his premises of this unauthorized burden, or bring successive actions to recover damages for the continuous trespass; that is, the defendants are mulcted in a verdict on the assumption they have permanently injured the premises of the plaintiff, and yet acquire no right to their continued use. The distinction between the relief afforded in a suit in equity and the damages which may be awarded in an action at law is generally well defined. Where the right of condemnation exists, although the entry upon the land of the owner was unauthorized, yet, if the appropriation was of a permanent nature, the court, in a

suit to restrain the unlawful using of the premises, may award damages for the full extent of the injuries upon the plaintiff vesting in the defendant the title which he might have acquired by condemnation proceedings. The rule, however, is equally well established that in an action of trespass the plaintiff is limited in his recovery to the damages accruing prior to the commencement of the action. Uline v. Railroad Co., 101 N. Y. 98, 4 N. E. 536; Comesky v. Cable Co., 41 App. Div. 245, 58 N. Y. Supp. 467; Pappenheim v. Railroad Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401; Slingerland v. Contracting Co., 43 App. Div. 215–225, 60 N. Y. Supp. 12; Stowers v. Gilbert, 156 N. Y. 600, 51 N. E. 282; Ottenot v. Railroad Co., 119 N. Y. 603, 23 N. E. 169; Carll v. Village of Northport, 11 App. Div. 120, 42 N. Y. Supp. 576. The doctrine was thus stated in the Pappenheim Case, 128 N. Y., at page 444, 28 N. E. 518:

"In an action at law the owner of the property interfered with or trespassed upon cannot recover damages to his premises based upon the assumption that such trespass is to be permanent. He can recover only the damages he has sustained up to the commencement of the action. The judgment entered for the damages sustained does not operate as a purchase of the right to continue the trespass. •But the owner may resort to equity for the purpose of enjoining the continuance of the trespass, and to thus prevent a multiplicity of actions at law to recover damages; and in such an action the court may determine the amount of damage which the owner would sustain if the trespass were permanently continued, and it may provide that upon payment of that sum the plaintiff shall give a deed or convey the right to the defendant, and it will refuse an injunction when the defendant is willing to pay upon the receipt of a conveyance."

The philosophy of the rule awarding damages in the suit in equity is that the defendant could acquire the user complained of by condemnation proceedings, and the court, to prevent multiplicity of actions, acts upon the situation as it exists, and gives to the party injured his full quantum of damages, and protects the defendant, by requiring the plaintiff to convey upon the acceptance of the compensation allowed. That solution rests in the discretion of the court, and is, of course, peculiarly within the province of a court of equity. The remedy cannot be worked out in a purely legal action, and the recovery there is restricted to damages arising prior to the commencement of the action. In this case, with the entry of the defendants fixed as an unlawful one, successive actions could be maintained for the continuous trespass, and yet compensation for all damages, prospective as well as past, has already been awarded to the owner. The plaintiffs' counsel cites Argotsinger v. Vines, 82 N. Y. 309, to sustain his contention. In that case timber was cut and removed, and in an action of trespass witnesses were permitted to testify to the value of the farm with the timber growing thereon and after it was removed, and the rule thus adopted was sustained. In that case the defendants had cut and taken away the live trees, and their restoration was, of course, impossible. It was one completed act of trespass, and all the rights of the parties could be determined in one action. It was not a continuing trespass. The same suggestion is applicable to the kindred actions of trespass for the removal of shade trees, like Evans v. Gas Co., 148 N. Y. 112, 42 N. E. 513, 30 L. R. A. 651. In that class of cases the verdict not only de-

termines that the defendant has committed a trespass, but it must necessarily also fix the full measure of damages, for they all accrued before the action was commenced. In Goldschmid v. City of New York, 14 App. Div. 135, 43 N. Y. Supp. 447, the trespass complained of was a bulging retaining wall, which projected upon the plaintiff's premises. The only theory, if any, upon which the recovery in that action can be upheld, is that the wall must obviously have been a permanent structure, and that fact was assumed in the opinion.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur except ADAMS, P. J., not voting.