entirely satisfied with the conclusion of the learned surrogate upon the question of his competency to make a will or at least that we would be better satisfied with the conclusion of a jury upon the two questions here involved.

The decree of the surrogate reversed upon the facts, and the issues ordered to be tried by a jury at the next Trial Term of the Supreme Court in Warren county, with costs of the appeal to abide the event of the new trial. The material questions to be submitted to the jury upon such trial are:

First. At the time of the making of the alleged will did George R. Finch understand the nature and extent of his property and the nature and quality of the claims to his bounty of his brother and any other persons?

Second. Was the will procured through undue influence exercised upon George R. Finch by George N. Ostrander, named as a legatee in said will? All concur.

---

## MORRISON v. AMERICAN TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

1. TELEGRAPHS AND TELEPHONES—CONTRACT FOR RIGHT OF WAY CONSTRUED.

The grant to a telephone company of the right to construct and maintain a line "over and along" a 3,100-acre tract, "including necessary poles along the roads adjoining the tract," construed, and *held* to limit the grantee's rights to the construction and maintenance of a line along the highways which extended through the tract, and not across the land.

2. APPEAL—REVIEW—WAIVER OF ERROR BY ACQUIESCENCE.

Where, in an action against a telegraph company for damages for trespass, plaintiff made the difference in the value of the property before and after the invasion the measure of his damages, and the company acquiesced in this method by not objecting and by giving proof of the same kind, it could not complain on appeal that the rule was incorrect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1079.]

3. TRESPASS—CUTTING TIMBER—MEASURE OF DAMAGES.

Where forest land has been invaded and trees cut, the diminution in value to the whole premises may be shown in an action of trespass.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trespass, § 134.]

4. TELEGRAPHS AND TELEPHONES—DAMAGES FOR TRESPASS.

In an action for damages for trespass in cutting a strip of woodland and erecting a telephone line, plaintiff's measure of damages was properly based upon the cutting of the timber, the making of a roadway, and the maintenance of the line, to the commencement of the action; but, since actions for future trespass might be maintained, it was improper to allow damages for the entire value of the land taken, and all damages that might accrue, upon the assumption that defendant's trespass would be permanent.

McLennan, P. J., and Kruse, J., dissenting.

Appeal from Trial Term, Sullivan County.

Action by Roderick Morrison for trespass against the American Telephone & Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

James J. Farren, for appellant.
T. F. Bush, for respondent.

SPRING, J.   The plaintiff owns a tract of land in the town of Bethel, Sullivan county, containing about 3,100 acres, and which he claims is valuable for a preserve for hunting and fishing purposes, as well as for the timber upon it.   In the spring of 1900 the defendant telephone company cut a strip in a somewhat diagonal direction the length of the entire tract, being a distance of more than 2½ miles, and of the average width of 24 feet.   The growing timber on this strip was cut down and left untrimmed, and poles set in the ground and telephone wires strung on them the whole distance.   The defendant claimed the right to occupy the land as it did by reason of a written instrument or grant executed by the plaintiff.   This paper, which is under seal, bears date March 19, 1900, and purports, in consideration of the sum of $5 which was paid to the plaintiff, "to grant unto said company, its successors and assigns, the right to construct, operate and maintain its lines over and along the property which I own, or in which I have any interest, in the township of Bethel, county of Sullivan and state of New York, including the necessary poles and fixtures along the roads, streets, or highways adjoining the property owned by me in said township, said sums received in full payment for such right and in full satisfaction for the trimming of any trees along said lines necessary to keep the wires cleared at least eighteen inches, and with the right to set the necessary guy and brace poles, and attach to trees the necessary guy wires and the right to cut down trees to clear line."

There are at least two public highways through the plaintiff's land— one, called the "Barryville Road," extending northerly and southerly through the tract, and near the central part of it, and which passes a mill operated by the plaintiff; the other, called the "Van Allen Road," extending westerly from the Barryville Road.   The alleged grant was upon a printed blank, and we think a fair construction of it is to give the defendant the privilege of erecting and maintaining its poles and lines along the highways through the tract owned by the plaintiff.   It is not reasonably within its scope to permit the defendant to cut a roadway through the land of the plaintiff wherever it may elect and permanently occupy it for its telephone line without any restriction as to the width of the strip or strips appropriated, where to be located, or as to what was to be done with the timber cut down.   We think at least the terms of the grant are sufficiently uncertain to permit oral proof to be given of its meaning, and the parties without objection adopted that course upon the trial, and proof was elicited on the part of the plaintiff that the right granted and which he was willing to give without compensation was along the Barryville Road.   On the other hand, the defendant's witnesses testified that they told the plain-tiff the general route of their line was over his premises running from the land of Van Allen easterly to that of French, which was the course

adopted; that they would be obliged to cut the timber along it; and that plaintiff assented to this and raised no objection to the proposed course, and signed the instrument. The jury settled this question of fact in favor of the plaintiff, and we find no fault with their determination, as it is supported by the evidence and seems to be the more reasonable and in harmony with the surroundings and probabilities.

The action is for trespass, and the counsel for the appellant challenges the correctness of the rule of damages adopted on the trial. The plaintiff, claiming that the cutting of this long roadway through his premises materially lessened the value of the entire tract, gave proof of its value before and after the invasion by the defendant, and made the difference the measure of his damages. The defendant acquiesced in this method by not objecting to it and by giving proof of the same kind, so that the defendant is not in a position to complain of the rule followed by the trial judge, for he simply accepted the standard adhered to by both parties unvaryingly during the trial.

We think, beyond that, the rule of damages, except as hereafter limited, was the proper one in this case. Ordinarily, in an action for trespass, the damages are limited to those accruing prior to the commencement of the action, and, if the unlawful intrusions continue, repeated actions may be maintained for the damages sustained thereby. Mott v. Lewis, 52 App. Div. 558, 65 N. Y. Supp. 31. But in this case the damages for the cutting of the timber were complete at the time of the commencement of the action. Of course, its restoration was impossible. The diminution in value of the tract was attributable to the cutting of this passage and the building and maintenance of the defendant's line along it. The witnesses had the facts before them upon which they estimated the extent of these permanent damages. The injuries did not consist solely, or to any large degree, in the actual value of the trees cut down, or to the strip of land actually appropriated by the defendant; but its effect upon the tract in its entirety, in view of the object to which it was devoted, comprised the chief factor in ascertaining the amount of the damage sustained by the trespass. It would, accordingly, have been an unjust rule of damages to restrict the plaintiff to the value of the trees cut or to the injury to the strip itself, which were really incidental to the greater damages of which the plaintiff complains. It is well sustained that, where forest land has been invaded and trees cut, the diminution in value to the whole premises may be shown in an action of trespass. Argotsinger v. Vines et al., 82 N. Y. 308–313, et seq.; Hartshorn v. Chaddock, 135 N. Y. 116–121, et seq., 31 N. E. 997, 17 L. R. A. 426; Disbrow v. Westchester Hwd. Co., 164 N. Y. 415, 58 N. E. 519; Mott v. Lewis, 52 App. Div. 558–561, 65 N. Y. Supp. 31, supra.

The amount of the damages awarded do not, however, seem to be sustained by the evidence contained in the record. If the plaintiff was keeping this woodland for a game preserve, or if it is a valuable wood lot, we can appreciate that the cutting of this wide channel through it might injure it beyond the damages recovered. All the witnesses, who gave evidence on the subject, agreed substantially that the entire tract was worth before the alleged trespass $5 per acre.

Those on behalf of the plaintiff testified that, by reason of the cutting of the wide strip through it and the occupancy of the defendant, the value was lessened from $1 to $2 per acre, or from $3,000 to $6,000. The trial judge inquired of several of these witnesses on what basis the estimate was made, but in no instance did he obtain a satisfactory answer, and in his charge to the jury he commented on the inability of the witnesses "to state, although urged to do so, on what facts they based their estimates of the amount of damages." Some said because it was a preserve, others because the road cut through would require fences to keep poachers out. The plaintiff had owned the tract of land for 30 years or more. He had never fenced it. He had posted up printed notices warning trespassers and hunters to keep off the land, and, occasionally, kept a man to protect the premises from intruders; but there seems to have been very little done in the way of maintaining the premises as a game preserve.

Again, the plaintiff testified that the tract of land was "heavily timbered with white and yellow pine mostly," but he does not give any estimate as to the quantity of this timber. His witnesses aid very little in presenting any facts to show that the timber on this tract was of good quality or extensive in quantity. The land upon which the trespass was committed by the defendant contained between seven and eight acres. Witnesses on behalf of the defendant estimated the damages to the entire tract around $50. Men went over the strip, measured the trees cut which would make sawable timber, and testified that the entire amount on the whole $2\frac{1}{2}$-mile strip would only run 1,177 feet of lumber, and that of poor quality; the other timber would produce 264 fence posts and 30 cords of wood; and the entire value of all the timber cut was less than $25. These estimates are confirmed by other witnesses who went over the land where the trees were laying to ascertain the damages actually committed in the loss of timber. The proof shows that this timber cut was similar in quality and kind to that of the tract generally. They also testified that the entire tract had been burned over several times, destroying nearly all of the valuable timber.

We are not deciding that these estimates are correct; but substantial damages have been awarded, and they should be supported by tangible definite proof. The opinion of a witness qualified to speak is competent on the question of value, but his opinion should be founded upon some facts. The ipse dixit of the witness aids but little, unless we can see some reason addressing itself to the opinion given. If this tract of land is covered with valuable timber, we can understand that a channel cut through it for its entire length a rod and a half in width might cause very material injury to the remaining timber. It might open a road for heavy winds and otherwise impair the value of the residue. If the tract is kept for a game preserve with any serious intent and is adaptable to that purpose, the opening up of this roadway might seriously lessen the usefulness of the premises for the preservation of game. We are not passing upon these questions now. We simply say that the evidence in the record does not satisfy us that the

damages awarded have been sustained, and, for that reason, we believe a new trial advisable.

The defendant contends that the damages fixed by the jury are on the assumption that they include all the damages to the premises, future as well as past, and yet subsequent actions may be maintained for the continuance of the telephone line, or in the event of the employés of the defendant going upon the land to repair the wires or poles. There is much force in this contention. The counsel for the plaintiff was somewhat adroit in putting his questions to the witnesses when asking for their opinions of the value of the premises. For instance, the question put to the plaintiff reads in this way:

"With this tract cut through there, as you have described it, by the defendant, and their occupation of the land for the purpose that they occupied it, with that line established there in that way, what is the land worth, the whole land, with the line upon it as they erected it and are keeping it?"

The jury might well infer from this and similar questions and the charge of the court that they were to allow the plaintiff, not only all damages which he had sustained or which would legitimately accrue from the cutting of the timber, but also for the continued maintenance of the defendant's telephone line, and that is not a proper item of damages. The cutting of the timber, the making of the roadway, and also the damages for the maintenance and operation of the telephone line to the commencement of the action are permissible damages. But the line may not be maintained permanently, and the effect of the judgment in this case is not to vest in the defendant any right to the occupation of the land. It may be evicted by an action of ejectment, or a future action of trespass may be sustained for injuries subsequent to the commencement of the action, and it would be unjust to the defendant to charge it in this action in a sum which denotes the entire value of the land taken and all damages which may accrue, upon the assumption that its future occupation will be permanent.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

So ordered.

WILLIAMS and NASH, JJ., concur. McLENNAN, P. J., and KRUSE, J., dissent.