(123 App. Div. 171.)

## SALMON v. M. E. BLASIER MFG. CO.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

1. DAMAGES—MEASURE OF DAMAGES—ACTION AT LAW—INJURIES AFTER COM-
MENCEMENT OF SUIT.

Where, in an action for trespass or forcible entry and eviction, plain-
tiff had not been evicted or her business interfered with when the action
was commenced, it was error to allow damages for eviction, loss of profits
in her business, etc.; recovery being limited in legal actions to damage
suffered to the time of commencing the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 567.]

2. NEW TRIAL—VERDICT—EXCESSIVE DAMAGES—SETTING ASIDE VERDICT.

Where damages were improperly allowed for certain items, the verdict
should have been set aside upon motion for new trial, under Code Civ.
Proc. § 999, permitting the trial judge to set aside a verdict for excessive
or insufficient damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 153–
156.]

3. APPEAL—OBJECTION TO EVIDENCE—NECESSITY—WHEN REVIEWABLE.

Though incompetent testimony was not objected to, nor exception taken
to its admission, if the question was raised on motion for a new trial,
it may be reviewed on appeal.

4. DAMAGES—TREBLE DAMAGES—RIGHT OF PLAINTIFF—TIME TO CLAIM.

Where the complaint did not demand treble damages and the jury were
not instructed thereon, the question may not be raised after verdict.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 575.]

Appeal from Trial Term, Oneida County.

Action by Catherine S. A. Salmon against the M. E. Blasier Man-
ufacturing Company. From a judgment in favor of plaintiff and from
an order denying a new trial, defendant appeals, and, from an order
denying her treble damages (53 Misc. Rep. 36, 103 N. Y. Supp. 1031),
plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

W. L. Goodier, for appellant.
Curtin & Lee, for appellee.

WILLIAMS, J. The judgment and order appealed from by de-
fendant should be reversed and a new trial granted; and the order
appealed from by plaintiff should be vacated without costs of this ap-
peal to either party.

The action was brought to recover damages for a trespass upon
real property, or for forcible entry and eviction from such property.
The parties are not agreed as to the real cause of action alleged or
proved. The questions raised by defendant relate entirely to the meas-
ure of damages and the proof given thereof. The plaintiff occupied
the property, in the first instance, as the tenant of Dr. Clark, her term
commencing in April, 1902. She claimed she was all the time in pos-
session under a lease from year to year, and her last year terminated in
April, 1906; that she had a legal right to remain on the property
until that time, and never consented to leave before that time. Clark
claimed that she was a tenant at will, under an agreement to leave

whenever he sold the property. Clark sold and conveyed the property to the defendant in October, 1905. Both Clark and the defendant claimed the plaintiff agreed to leave the property about November 1, 1905, whenever they desired to commence the work of removing the old buildings, and constructing new ones; that they would want to commence work on the vacant lot, and she could stay in the house a few days after they so began the work. About November 1, 1905, defendant's contractors and employés went upon the vacant lot, and took down a piece of fence, and began picking up things so as to commence excavating for the new cellar. A clothes post was broken, and some clothes fell upon the ground. The plaintiff came out. A wordy controversy arose. Plaintiff ordered defendant's workmen off the premises, and they went away. A few days later defendant's workmen went upon the vacant lot, and continued the work, excavated for the cellar, and constructed the cellar wall, and continued their work until this action was commenced November 18, 1905, and afterwards until November 26th, when the plaintiff moved out of the house. She was not removed by force, but went out of her own accord. In excavating for the cellar the workmen tore down an old shed, attached to the house, in which the plaintiff had some little articles of personal property. This was done after the action was commenced, but while the plaintiff still occupied the house. The plaintiff objected to the work being down on the vacant lot; all the time insisting she was entitled to the exclusive occupancy of the whole property until April, 1906. The action, whether for a mere trespass, or for forcible entry and eviction, was one at law purely to recover damages, and no equitable relief was demanded. In such an action only such damages as had been suffered prior to the commencement of the action could be recovered. Stowers v. Gilbert, 156 N. Y. 600–604, 51 N. E. 282; Mott v. Lewis, 52 App. Div. 558–560, 65 N. Y. Supp. 31, and cases therein referred to.

It is quite apparent that the damages in this case were not limited in accordance with the rule stated. When the action was commenced, there had been no trespass upon or forcible entry or eviction as to the house. The plaintiff was still occupying the house, and no effort had been made to enter that, or to remove the plaintiff therefrom by force or otherwise. The damages for trespass upon and forcible entry and detainer of the vacant lot adjoining the house were merely nominal, the value of the use thereof for 18 days or so, and damage to the clothes which fell upon the ground, and perhaps some other small items. The plaintiff's business had not then been materially interfered with. And yet she was permitted to recover damages for eviction from and the loss of use of the premises, and injury to her business, loss of and profits down to the 1st of May, 1906, when her lease expired according to her theory, and the destruction of personal property that was not interfered with until after the commencement of the action. The verdict was not proper, and should have been set aside upon the motion made for a new trial under section 999 of the Code of Civil Procedure. There did not seem to be any serious objections to the evidence of these damages, when given on the trial, nor exceptions thereto, nor objections or exceptions to the charge as to damages, but we think the question was raised on the motion for a

new trial, so that we can review the same. The verdict ought not to be permitted to stand.

If the whole transactions as to the property from October 30, 1905, down to May 1, 1906, were properly before the jury, very likely the recovery could have been regarded as one under section 1669 of the Code of Civil Procedure, entitling the plaintiff to have the damages trebled, if the claim had been set up in the complaint. The jury were not instructed as to treble damages, and could not in the awarding of damages have had the fact in mind that their verdict in reality would enable plaintiff to recover $810. The complaint did not demand judgment for treble damages. We think this question could not be raised first after the verdict was rendered.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event upon questions of law and fact. All concur.