CLOSE et al. v. WITBECK.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. NUISANCES—PUBLIC NUISANCES—ABATEMENT—RIGHT OF PRIVATE PERSONS.
    Plaintiffs, who owned a building on the same side of the street as defendant's building, but not adjoining the same, could not maintain an action to require the abatement of an alleged nuisance consisting of the projection over the sidewalk of a show window, and to recover damages because thereof, on the sole ground that defendant was maintaining a public nuisance, where they did not show that they sustained substantial damages of a personal and peculiar nature such as were not sustained by the rest of the community.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Nuisance, §§ 164–169.]

2. SAME—DAMAGES—SUFFICIENCY OF EVIDENCE.
    In an action by plaintiffs who owned a building on the same side of the street as defendant's building, but not adjoining the same, to require the abatement of an alleged nuisance consisting of the projection over the sidewalk of a show window in front of defendant's store, and to recover damages because thereof, evidence *held* insufficient to show that plaintiffs sustained substantial damages.

Appeal from Trial Term, Schenectady County.

Action by George H. Close and others against Clark Witbeck. From a judgment (102 N. Y. Supp. 904, 52 Misc. Rep. 224) for plaintiffs, defendant appeals. Reversed, and new trial granted.

This is an action to require the abatement of an alleged nuisance, consist-ing of the projection over a sidewalk of a show window in front of defend-ant's store, and to recover damages because thereof. Plaintiffs own a build-ing on the same side of the street as the defendant's building. The two build-ings do not adjoin, but are separated by an intervening building. Each of said buildings is 26 or 27 feet wide, and immediately abuts in front of the street. They are all used for commercial purposes, and are on the principal business thor-oughfare of the city of Schenectady. Defendant's building is of recent con-struction. The show window which is complained of extends nearly across the front of the building, and from the sidewalk to the height of the first story, but no foundation thereunder has been constructed into the sidewalk. It consists of glass, except the iron or steel framework into which the glass is fitted. It seems to be permanently constructed as a part of the building, and its removal would cost $2,105. It projects one foot over the sidewalk be-yond the building line. Some of the buildings in the immediate vicinity have stoops, porches, steps, and railings extending over the building line. Plain-tiffs' building has bow windows extending from the second story 2½ feet over that line. On the theory that said projection on defendant's building constitutes both a public nuisance, and a private nuisance to the plaintiffs, the latter have been awarded a judgment for $1,000 damages and requiring defendant to remove such projection within 60 days.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Daniel Naylon, Jr., and Edward C. Whitmyer, for appellant.
A. J. Dillingham, for respondents.

COCHRANE, J. Assuming, without deciding, that defendant is maintaining a public nuisance, that fact alone does not justify this action. For such a grievance, redress must be obtained by some action or proceeding in behalf of the public, and not by a private action. To entitle plaintiffs to recover herein, they must establish that they sustain damages of a personal and peculiar nature such as are not sustained by the rest of the community, and also that such damages are substantial, and not merely nominal. Wakeman v. Wilbur, 147 N. Y. 657, 42 N. E. 341; Callanan v. Gilman, 107 N. Y. 360, 14 N. E. 264, 1 Am. St. Rep. 831; Francis v. Schoellkopf, 53 N. Y. 152; Adams v. Popham, 76 N. Y. 410; Adler v. Metro-politan Elevated Railway Company, 138 N. Y. 173, 33 N. E. 935; Abendroth v. Manhattan Railway Company, 122 N. Y. 1, 25 N. E. 496, 11 L. R. A. 634, 19 Am. St. Rep. 461; Ackerman v. True, 175 N. Y. 353, 360, 67 N. E. 629.

The learned trial justice has found that the structure of defend-ant "interferes with the easements appurtenant to plaintiffs' prop-erty, and is an injury to plaintiffs' property, by reason of which plaintiffs have been damaged in the sum of $1,000." But he has also explicitly found that such structure does not occasion substantial damage to plaintiffs because of interference with the view either of or from their property or with the easements of light, air, or access to their building. With these questions of view, light, air, and ac-cess eliminated as elements of damage, there is no sufficient founda-tion in the evidence for the conclusion that plaintiffs have sustained substantial damages. Two witnesses express the opinion that such damages have been sustained. One of these expressly predicates his opinion solely on the supposed interference with the view and

with the free circulation of air. The findings of the court are expressly against such damages. The other witness, although asked to do so, was unable to give any intelligible reason for his opinion. As was stated in Morison v. American Telephone & Telegraph Company, 115 App. Div. 744, 101 N. Y. Supp. 140:

"Substantial damages have been awarded, and they should be supported by tangible definite proof. The opinion of a witness qualified to speak is competent on the question of value, but his opinion should be founded upon facts. The ipse dixit of the witness aids but little, unless we can see some reason addressing itself to the opinion given."

Witnesses called by the defendant stated that there was no difference in the value of plaintiffs' property because of the projection in question. It. is not easy to see on what fact plaintiffs themselves base their claim for damages. One of the plaintiffs was called as a witness, but he did not specify any element of damage, except such as the court held did not exist. There is no interference with public travel, so as in that way to divert business from plaintiffs' building, and there has been no loss of rents or customers. It is very clear that there is no interference with air, light, or access. The finding of the court below that there is no substantial damage because of interference with the view was at most a finding on a disputed question of fact and sustained by evidence.

Damages cannot be based on some fancied grievance or imaginary wrong or mythical consideration. No one contends that the æsthetic features of plaintiffs' building have been marred or deteriorated, or that the artistic harmony existing between their building and others has been destroyed, or that there is anything out of keeping with the general architectural style in the immediate locality. There are some residential streets in some localities where a projection such as is complained of might be a menace to the symmetry and design common to all the buildings, but that can hardly be said of a business street like this, where there seems to be no common plan of construction or uniformity of style, and where even the plaintiffs' building is by no means free from an offending projection. The court below seems to have been influenced by the idea that this projection would afford defendant larger rent than would otherwise be the case. But, conceding that to be so, there is no fact which warrants the inference that such increase in rent would be at the expense of the plaintiffs, or that the rental value of their building is depreciated. As it does not therefore sufficiently appear that plaintiffs have sustained substantial damages, this judgment cannot under the authorities cited be sustained.

It is also to be observed that plaintiffs have been awarded a double remedy. The damages they have been awarded are not such merely as they have already sustained, but are the damages as fixed by the court to the fee value of their property on the theory that the projection complained of would permanently exist, and at the same time defendant is required to remove such projection.

The judgment must be reversed on the law and facts, and a new trial granted, with costs to the appellant to abide the event. All concur; CHESTER, J., in result.