MORISON v. AMERICAN TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, Third Department. May 22, 1908.)

1. EVIDENCE—PAROL EVIDENCE—VARYING TERMS OF WRITTEN AGREEMENT.

A grant executed by an owner of land on which a highway ran in a northerly and southerly direction, and on which another highway ran westerly therefrom, but not crossing it, which gives to a telephone company the right to construct and maintain its line "over and along the property, * * * including the necessary poles and fixtures along the roads * * * adjoining the property," and which recites that the consideration paid is in full payment for such right and in full satisfaction "for the trimming of any trees along said lines necessary to keep the wires cleared," is uncertain in meaning as to the location of the proposed line; and parol evidence of what the employé of the company, who located the line and who obtained the grant, stated to the owner before the execution of the grant in

reference to the location of the line, is admissible to show what the parties meant by the language employed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2129–2133.]

2. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—EVIDENCE.

Where, in an action against a telephone company for erecting and maintaining its line over plaintiff's land, the evidence was conflicting whether the line was located as authorized by plaintiff's grant to the company, when construed in view of the understanding of the parties, as shown by parol testimony, as to where the proposed line. should be located, the admission in evidence of what the agent of the company, who obtained the grant, had told others, in the absence of plaintiff, with respect to the location of the line, was reversible error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4153–4160.]

Kellogg and Sewell, JJ., dissenting in part.

Appeal from Trial Term, Sullivan County.

Action by Roderick Morison against the American Telephone & Telegraph Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Lewis E. Carr, for appellant.
James J. Farren, for respondent.

CHESTER, J. On a former trial the plaintiff had a verdict, and the judgment entered thereon was reversed on appeal, on the ground that an improper rule of damages was applied. 115 App. Div. 744, 101 N. Y. Supp. 140. The action was brought to recover damages claimed to have been sustained by the plaintiff by the alleged unlawful erection and maintenance by the defendant of a telephone line over the plaintiff's lands. The jury on this trial found a verdict in favor of the defendant, and from the judgment entered thereon the plaintiff appeals. The only errors alleged are with respect to the admission of evidence.

On the former appeal the court said, with respect to the written grant under which the defendant claimed the right to erect its lines over the plaintiff's land, that:

"The terms of the grant are sufficiently uncertain to permit oral proof to be given of its meaning, and the parties, without objection, adopted that course upon the trial."

On the trial now under review the plaintiff objected to the admission of such testimony, the objection was overruled, and the plaintiff excepted. This raises the first question for our consideration. The grant referred to is as follows:

"$5.00. Received of the American Telephone & Telegraph Company $5, in consideration of which I hereby grant unto said company, its successors and assigns, the right to construct and maintain its lines over and along the property which I own, and in which I have any interest in the township of Bethel, county of Sullivan, and state of New York, including the necessary poles and fixtures along the roads, streets, or highways adjoining the property owned by me in said township, said sum received in full payment for such right and in full satisfaction for the trimming of any trees along the said

lines necessary to keep the wires cleared at least 18 inches, and with the right to set the necessary guy and brace poles and to attach to trees the necessary guy wires, and the right to cut down trees to clear lines. Witness my hand and seal this 19th day of March, A. D. 1900, at White Lake, N. Y.

"R. Morison, Landowner.    [Seal.]

"Witness:
"C. J. Murry.
"W. H. McKenzie."

The plaintiff insists that this instrument gave the defendant the right to erect its lines only in the highways crossing his property. The defendant, on the other hand, contends that it gave it the right to erect its lines over and along the property of the plaintiff, and that it was not confined to the highways in so doing. The only highways on the plaintiff's land were the Barryville Road, running in a northerly and southerly direction, and another highway, called the "Van Allen Road," running westerly from the Barryville Road, but not crossing it. The defendant erected its lines in an easterly and westerly direction, running from the property of one Van Allen on the west of the plaintiff's premises easterly, over the plaintiff's land, to a point near the Toronto mill and pond on plaintiff's land, to and over the premises of one Burt, and then on easterly over the plaintiff's premises again, to and over premises belonging to one French, and then easterly over premises belonging to one Philips, and did not in any place follow the highway. The Van Allen Road runs in the same general direction as the telephone line, but only about half of the distance that the line extends on the plaintiff's premises; the other half of the line being so located that it could not run in the direction in which it does upon any highway, for there is no highway upon that portion of his premises, or running in the direction in which the line is there erected.

McKenzie, an employé of the defendant, who located the line and obtained the grant above mentioned from the plaintiff, testified in substance that he told the plaintiff before the paper was signed, in reference to the location of the line, that the defendant contemplated building it from Narrowsburg to Monticello, and wanted to get the most direct route; that he wanted to go from the Van Allen property through by the Toronto mill, and then on through French's property, and over through Burt's, and so on to Monticello. He also testified that he had secured other rights of way along this proposed line, and that he told the plaintiff that he had secured the right of way from Philips and from Burt, but that he had not yet secured it from French or from Van Allen. This testimony was corroborated by the witness Murry, who was with McKenzie when the plaintiff signed the grant. It was all received over the plaintiff's objection and exception as to its materiality. It was also objected that evidence was incompetent to change the written instrument.

We think the evidence was properly received. Its materiality arises from the fact that, if true, it clearly indicated to the plaintiff that the line was to go in an easterly and westerly direction, and necessarily not upon the highway, for a large part of the way over his land, and it showed clearly that he understood, when he signed the grant, that it was the intention of the parties to provide for a

line which could not be confined to the highways and run in the direction and over the route stated by these witnesses. While it was not proper to receive evidence to change the meaning of the written instrument, it was competent, in view of its doubtful meaning, to receive the evidence to show what the parties meant in this respect by the language they employed in the instrument, and the authorities so hold. In Martin v. Mfrs.' Acc. Indemnity Company, 151 N. Y. 94, at page 103, 45 N. E. 377, at page 380, Andrews, C. J., says:

"But the rule which forbids the introduction of oral evidence to contradict a written agreement is to be administered in harmony with another rule, that where the alleged written agreement is ambiguous, or fairly capable of two constructions, the circumstances which led to its execution, the situation of the parties, and the subject-matter may be shown and considered in aid of its interpretation."

To the same effect are Schmittler v. Simon, 114 N. Y. 176, 21 N. E. 162, 11 Am. St. Rep. 621; Petrie v. Trustees of Hamilton College, 158 N. Y. 464, 53 N. E. 216, and Field v. Munson, 47 N. Y. 221.

While we think the court correctly permitted oral testimony to the extent mentioned, an error was committed in permitting Mr. Burt to swear what these witnesses told him, in the absence of the plaintiff, with respect to the location and direction of the line. He was allowed to testify under objection and exception that they said to him that they were going to run the line from Monticello to Narrowsburg, and they wanted to get the most direct route east and west, and they would come somewhere near Toronto Pond and near his place. It is true that this is just what these two witnesses claimed they said to the plaintiff; but it forms no corroboration of their testimony that they also told some one else the same thing at another time, and not in the presence of the plaintiff. The matter covered by this testimony was the sharply controverted question being litigated. The defendant had these two witnesses in support of its theory, and the plaintiff had his own testimony and the testimony of his wife to the contrary. It was a close question, and we cannot say that the evidence of Burt did not have an improper influence upon the jury in determining their verdict in favor of the defendant.

We think, for this error, there should be a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

JOHN M. KELLOGG, J. (concurring). I think it was error to receive the statements of what the defendant's agents told another property owner. I also think it was error to allow parol evidence tending to show that the permit was not intended for a line along the highway, but through the unbroken forest. The Barryville Road runs through the premises north and south, passing by the Toronto Pond, which is about in the center of the plaintiff's property, and near the pond the Van Allen Road branches off from the former road nearly at right angles and extends to the plaintiff's westerly

line. The permit does not in terms describe the particular lands to be affected by it. If it shows upon its face that the line is to run along the highway, parol evidence is admissible to show whether it was to run through the plaintiff's premises north and south along the Barryville Road, or along the Barryville Road until it met the Van Allen Road and then along that road. A contract relating to real estate, which does not definitely define the real estate affected by it, may be by parol put upon the ground and fitted upon the map. But violence must not be done to the terms of the contract itself. If the contract fairly indicates that the line is to run along the highway, it is inadmissible to show that it was to run through the unbroken forest along no highway.

The defendant prepared the contract, and substantially all of it, except the statement of the amount and the mention of the property, is upon the defendant's printed form. If there is any doubt or uncertainty about the meaning of the paper, it should be construed against the party propounding it. It grants to the defendant the right to construct and maintain its line over and along the property which the plaintiff owns, including the necessary poles and fixtures. The word "along," as it first occurs in the contract, indicates that it means alongside of and not through the center of the plaintiff's property. It was unnecessary for the contract to provide that the right to run the line included the necessary poles and fixtures; but for greater certainty it contained such a provision, and also left no doubt about the former word "along," when it provides that the construction, poles, and fixtures are to be along the roads, streets, and highways adjoining the property. It also provides that the defendant may trim the trees along the lines necessary to keep the line cleared at least 18 inches, with the right to cut down trees to clear the line. The right to trim trees is confined to the necessity to give the line 18 inches in the clear, and the right to cut down trees is confined to clearing such line. If the line were to run along the road, the necessity of trimming trees would probably be greater than that of cutting down trees; and I think the right to cut down was less prominent in the minds of the parties than the right to trim the trees. I think the fair import and meaning of the contract, as the defendant intended the plaintiff to understand it, and as it was understood, is that the line is to run along the highway; and it is clear, if the contract indicates that the line is to be confined to the line of the highway, the parol evidence is not admissible to substitute any other meaning. If this line was not to run along the highway, then all the provisions in the permit about the highway are superfluous, because, as constructed, the line does not run along the highway and has nothing to do with it, simply crossing it in two places as before stated, and the permit refers to the line as running along, and not as crossing, the highway. All the terms of a contract are assumed to be inserted for a purpose and to have a reasonable effect.

SEWELL, J., concurs.