(90 Misc. Rep. 450)

PAWLOWICZ et al. v. AMERICAN LOCOMOTIVE CO.

(Supreme Court, Trial Term, Schenectady County. May, 1915.)

1. NUISANCE ☞33—INJUNCTION —BURDEN OF PROOF.

In an action to enjoin the operation of a drop forge shop, and for damages from the alleged nuisance, the burden was on plaintiffs to show, not only that they had suffered damage, but that the defendant company's use of its premises was unreasonable.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. ☞84–89; Dec. Dig. ☞33.]

2. NUISANCE ☞5—USE OF PREMISES—RIGHT.

A person cannot make an unreasonable use of his own premises, to the material injury of his neighbor, if thereby his neighbor's enjoyment of his life and property is materially lessened.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 6; Dec. Dig. ☞5.]

3. NUISANCE ☞34—USE OF PROPERTY—QUESTION OF FACT.

Whether a person's use of his own property is reasonable, with reference to another's right to enjoyment of his own property, is ordinarily a question of fact, dependent on the circumstances of the particular case.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 90–92; Dec. Dig. ☞34.]

4. NUISANCE ☞33—USE OF PREMISES—SUFFICIENCY OF EVIDENCE.

Evidence, in an action to enjoin the operation of a drop forge shop in a thickly populated district devoted largely to manufacturing, *held* insufficient to show that the defendant company's use of its premises was unreasonable.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 84–89; Dec. Dig. ☞33.]

5. NUISANCE ☞50—USE OF PROPERTY—MEASURE OF DAMAGES.

The measure of damages for injury to property, from the use made of another's property in the vicinity, is the loss or injury to the usable value of the property.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 118–127; Dec. Dig. ☞50.]

6. NUISANCE ☞49—DAMAGES—CAUSE—SUFFICIENCY OF EVIDENCE.

Evidence, in an action for damages to plaintiffs' premises from the operation of a drop forge shop by defendant on its premises, *held* to show that the damages were not due to the operation of the forge.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 115–117; Dec. Dig. ☞49.]

Action by Dennis Pawlowicz and another against the American Locomotive Company. Judgment for defendant.

Miller & Golden, of Schenectady, for plaintiffs.

Alonzo P. Strong, of Schenectady, for defendant.

VAN KIRK, J.    This is an action for an injunction restraining a nuisance and for damages. The defendant operates a drop forge shop in the city of Schenectady. The plaintiffs own a house upon the opposite side of Front street from said shop, the lower floor of which they use for a saloon, and the other parts as a residence. It is claimed that the operation of this drop forge shop causes a nuisance because of the noise and jar and because of the smoke and gases coming therefrom.

The defendant is conducting a lawful business. There is no negligence or want of care in the manner of the construction of its shop and works, or in their use. It does not appear that improvements or reconstruction would lessen any of the alleged elements of nuisance, nor does it appear that any annoyance suffered by the plaintiffs is not a necessary result of the business, when conducted in a prudent, careful manner, in a properly equipped shop.

There is some smoke, which escapes from the shop, when the windows are open, for a short time when the works are started in the morning. There are some odors and gases from the fuel oil and from the heated metal. There is some noise, and there is some jar and consequent vibration felt in plaintiffs' premises when the shop is in operation. The noise and the vibration are chiefly due to the heavier forges. There was more annoyance when the shop was run nights. At the time of the trial the shop was not operated nights. The automobile construction work has been discontinued permanently, and there is no necessity for operating, and no intention to operate, this shop nights in the future.

But it does not appear that there is sufficient smoke or gases to render the occupation of plaintiffs' premises specially uncomfortable, or that there is a sufficient noise to disturb ordinary conversation at any time, or that the vibration occasioned by the operation of the forges is more noticeable than the vibration caused by persons walking across the floors of the plaintiffs' building. The evidence does not justify a finding that there is more dirt, dust, odor, noise, or jar than is occasioned in any manufacturing district in a city by the blowing of the dust and dirt in the street, by the smoke from mills and factories, by the noise and jar of trolleys or heavy trucks passing over hard or rough pavements. The plaintiffs' premises are situated in a manufacturing district in the city of Schenectady, in the neighborhood of railroad lines, and where heavy trucking and much traffic pass. This section has been a manufacturing section since 1850 or earlier.

[1-3] Before it can be held that the defendant is guilty of maintaining a nuisance, it must be shown that its use of the property, under all the circumstances, is unlawful or unreasonable, or that plaintiffs have, because of such use, suffered some unnecessary damage or annoyance, which is material and specially injurious. Campbell v. Seaman, 63 N. Y. 568, 20 Am. Rep. 567. No one may make an unreasonable use of his own premises to the material injury of his neighbor's premises, if thereby the enjoyment of life and property of his neighbor is materially lessened. The question whether a certain condition creates an actionable nuisance is usually a question of fact, whether the use is reasonable or not, under all the circumstances. A use that is reasonable under one state of facts may be unreasonable under another. Unless the fact that the use is unreasonable is found, or it is an inference of law from other facts found, no nuisance is established, even though plaintiff shows that he had suffered some damage, annoyance, and injury. McCarty v. Natural Carbonic Gas Co., 189 N. Y. 46, 47, 49, 81 N. E. 549, 550 (13 L. R. A. [N. S.] 465, 12 Ann. Cas. 840).

"Whether the use of property by one person is reasonable, with reference to the comfortable enjoyment of his own property by another, generally depends upon many and varied facts, such as location, nature of the use, character of the neighborhood, extent and frequency of the injury, the effect on the enjoyment of life, health, and property, and the like. * * * If the use is reasonable, there can be no private nuisance; but if the use is unreasonable, and results in substantial injury, an actionable nuisance exists. Trifling results are disregarded, for the courts proceed with great caution, and will not interfere with the use of property by the owner thereof, unless such use

is unreasonable, and the injury material and actual, not fanciful and sentimental."

[4] The annoyance and discomfort suffered by these plaintiffs from the operation of defendant's drop forge shop is comparatively slight. If the two properties were situated in a country district, it may be that the court would be justified in putting some restrictions upon the defendant; but in a thickly populated district, devoted largely to manufacturing, it is necessary that residents should endure some inconvenience and annoyance, and the people who live in cities are subjected to the noise of traffic, the dirt and dust of the street, the pollution of the air with smoke and gases. This is part of the price they pay for the privileges of the city, or of the manufacturing district. Though they may receive some injury, they receive compensation therefor in the advantages furnished. The court is not justified on the evidence in finding that the defendant is maintaining a private nuisance. The use of its property is a reasonable use under the circumstances and surroundings. The industry is one of the large industries of the city of Schenectady, on whose operation thousands of residents depend for their support. It is not shown that, in any respect, by a change of method or of construction, any relief can be granted to the plaintiffs from such annoyance as they may suffer. Relief can be had only by restraining in full the operation of the shop. I find, therefore, that the use is a reasonable use, and a restraining order should not issue.

[5, 6] This is not an action to recover fee damages. The measure of damages is the loss or injury to the usable value of the property. Bates v. Holbrook, 89 App. Div. 558, 85 N. Y. Supp. 673. Generally this is the rental value of the premises; but the plaintiffs were occupying the entire premises, and no loss of business is alleged or proved. There is no evidence of amount of damages from smoke, gas, or noise. Stowers v. Gilbert, 156 N. Y. 600, 51 N. E. 282. The one element of damages presented by the evidence is the injury to the building itself—cracks in walls, distortion in frame work, and settling of walls and floors. If such injury is due to the vibrations caused by the forges, there is some damage; otherwise, none.

Plaintiffs' house is a balloon-framed wooden building, two stories and a cellar. Shortly after purchasing in 1901, the plaintiff Dennis Pawlowicz remodeled the house. He removed one long longitudinal partition and several short partitions, leaving on the first floor a large room, which he converted into a room for saloon purposes. He put in no support in place of the removed partitions. The cellar wall is laid up with unshaped stone and mortar resting upon the soil, without any footing. The wall is about 18 inches thick. Running lengthwise of the building is a bearing beam of wood, 6x8 inches, supported at the ends by the cellar wall, with three intervening brick piers about 12 inches square, each pier resting upon a flat stone some 3 or 4 inches thick and about 16 inches square. At the front of the building was a bay window, extending from the ground up two stories. The bay window was removed from the first story, leaving the second story bay window with insufficient support. The floors and bay windows

have sagged. On the second floor a sliding door between the dining room and kitchen is out of true, due to two causes, Prof. Landreth says—faulty construction and settling of the floor. In the bay window there are two side windows and a front window. The two side windows, or their frames, are deformed, but the front window is in fair condition. The plastered walls disclose a number of cracks. There are some small cracks in the cellar wall. The soil under the house is a mixture of sand and yellow clay, which becomes very soft when moist. During the flooded period in the spring, the Mohawk river has covered Front street at times, and in 1913 it rose some four inches above the sill of plaintiffs' house, and in 1914 flooded the lower floor and cellar.

The plaintiffs have offered evidence tending to show that it would cost $500 or $600 in the aggregate to repair the house and its foundations and put them in good condition, without any evidence as to the separate cost of repairing any particular defects pointed out. The burden is upon plaintiffs to show that the injuries to their house were occasioned by the defendant. They ask the court to find that the several defects are due to the vibration and jar occasioned by the drop of the heavy forges. It is apparent that some of the defects were occasioned rather by the removal of the partitions. The sagging of the floor in the second story is thus explained. The defects in the bay window were caused by the removal of its support. It is a matter of common knowledge that foundations of buildings frequently settle; and when a wall has been laid without any footing, in such soil as exists in plaintiffs' premises, the expected result would be a settling of that wall.

Considerable evidence was given as to the amount of the vibration communicated to the building when the shop is in full operation. A test was made shortly before the trial, and evidence was presented showing the result of the test. During these tests, all of the heavy forges were being operated, and a larger number of the forges were being operated during this test than were operated at one time when the shop was running in full. The jar occasioned was that which travels through the ground from the shop to the walls of the building. It was not pronounced, but was noticeable. The foundations of the drop forges are heavy and large, and no injury has been caused to the walls of the forge shop itself. Considering the nature of the soil, the manner in which the cellar walls were laid and the house was built, and the amount of vibration that has been occasioned by the drop forges, I find that such defects as exist in the cellar wall and consequent sagging in the parts of the frame are not due to the vibration or jar. A decision will be made accordingly.

Judgment accordingly.