Van Brunt, P. J.
This action was brought to enjoin the continuation and operation of the defendants” •elevated railroad in front of certain premises in the city of New York, the allegations of the complaint being that said structure, as it now exists and as above described, has been erected and maintained without legal right, and is a special nuisance and injury to the plaintiffs and their premises; and the complaint demanded that the amount of the damages sustained by reason of the existence of said road and structure should be ascertained, and that they have judgment *431 against the defendants therefor, and also for an injunction perpetually enjoining and restraining the continuation of the nuisance.
At the commencement of the trial the counsel for the defendants moved to strike the case from the Equity calendar upon the ground that it was substantially an action for damages, and that it be sent to the circuit for trial by jury. This motion was denied, and the defendants excepted. The defendants’ counsel also made the same motion, upon the ground that it was an action for a nuisance, which was denied and an exception taken;
Thereupon the defendants’ counsel moved the court to compel the plaintiffs to elect whether they would proceed upon the basis that the construction and operation of the elevated road was a nuisance, or on the basis that the legislative authority was irrelevant and no defense, and therefore the defendants’ acts were in the nature of a trespass. The court denied the motion, and defendants’ counsel duly excepted.
The latter ruling we think was. error. If this was an action for a nuisance, the defendants were entitled, as matter of right, to a jury trial (Hudson v. Caryl, 44 N. Y. 553). It was also held in that case that, if the complaint is in form as for equitable relief against the continuance of"a nuisance, and the prayer for damage may be regarded as incidental thereto, yet as the existence of an alleged nuisance and the amount of damages were "both inquired of by a jury before the adoption of the present constitution, the constitutional guaranty of trial by jury applies to such an action as one of the cases in which it has been heretofore used.
Under these circumstances, there being allegations in this complaint which entitled the plaintiff to proceed as for a nuisance, as well as for a trespass, and the defendants being entitled to a jury trial if the action proceeded as one upon a nuisance, it was matter of *432 right, before proceeding with the trial, that it should be determined upon which ground the plaintiffs proceeded. Therefore, when the defendants asked that the plaintiffs should elect whether they proceeded as fora nuisance or as upon a trespass, such election should then have been made by the plaintiffs in order that it might be determined as to whether the defendants were or were not entitled to a jury trial. The defendants were not compelled to go into the trial, the case to be treated at the option of the plaintiffs as an action for a nuisance or as an action for a trespass, and they might, with perfect safety, have stopped then and there and refused to go on and relied upon their exception. Merely because they did thereafter go on in no way impaired their rights or took away the valid exception which they had taken at the commencement of the trial. They were placed in a position in reference to the trial of the cause which they should not have been made to-assume.
They were entitled to know, at the outset, whether the plaintiffs were proceeding upon a cause of action entitling the defendants to a jury trial or not.
There are many cases to be found in the books in which it has been held that where a plaintiff brings, suit in equity, although ordinarily he may be entitled to a jury trial, he has thereby waived the same, and cannot demand as matter of right under these circumstances the benefit of a trial by jury.
But no case has been found, and we do not see how it could be followed if it had been, which holds that, because a plaintiff has filed a bill in equity for relief for a cause of action in respect to which the Constitution provides that the defendant is entitled to a jury trial,, he can, by so doing, deprive the defendant of such jury trial.
We think, therefore, that for the error which-was. committed, without considering the other questions in *433 the case, the judgment must be reversed anda new trial ordered, with costs to the appellant to abide the event.
Brady and Daniels, JJ., concurred.