(13 App. Div. 188.)

### COVERT v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. January 19, 1897.)

JUDGMENT—RES JUDICATA—DIVERTING STREAM.

A judgment for the diversion of water which supplied plaintiff's mill, limited by its terms to damages sustained from the time of the diversion to the commencement of the action, does not bar an action for the damages afterwards sustained.

Appeal from trial term, Kings county.

Action by Abraham D. Covert against the city of Brooklyn for damages to water power. From a judgment on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William G. Cooke, for appellant.
A. N. Weller, for respondent.

PER CURIAM. The action is brought to recover damages for the diversion of water running in a water course, and used for supplying plaintiff's mill with motive power. The principal questions which control this case were disposed of by us on a former appeal in another action between the same parties. Covert v. City of Brooklyn, 6 App. Div. 73, 39 N. Y. Supp. 744. The present case raises no other question than that the former recovery of damages constitutes a bar to the maintenance of the present action. Our former decision also settled this question by implication, as it expressly limited the recovery therein to damages sustained from the date of the injury to the time of the commencement of the action. 6 App. Div. 75, 39 N. Y. Supp. 746. The effect of defendant's acts in and about the erection of its structure was to divert the water, and prevent plaintiff from enjoying what he had before possessed. This result constituted a trespass upon plaintiff's rights, and was as to him illegal. The fact that defendant had authority of law for the

erection of the aqueduct did not vest it with authority to trespass upon plaintiff's rights. This is not a case of consequential damages which flow from the exercise of a legal right in a proper manner, and for which no recovery whatever is authorized, as was the case in Radcliff v. Mayor, etc., 4 N. Y. 195, Bellinger v. Railroad Co., 23 N. Y. 47, and kindred other cases. It is a wrongful interference with plaintiff's property right, and whether it be called technically a nuisance or an illegal act is of no consequence, as the result is the same. To the extent that injury is inflicted, plaintiff has his remedy by action for damages. There has never been any presumption that a party will make permanent the instrument that inflicts the wrong, or that he will continue to act illegally in any respect, either by personal acts or permanent erections. These principles have been elaborately discussed in Uline v. Railroad Co., 101 N. Y. 98, 4 N. E. 536, and its authority remains unchallenged, as is evidenced by the numerous cases that have followed it. There is no distinction in principle between that case and the present. Its authority establishes the right of plaintiff to maintain this action, and successive actions, if defendant does not desist from its illegal act. Plaintiff may undoubtedly have his entire damages assessed in one action brought for that purpose. Carll v. Village of Northport (opinion not yet officially reported) 42 N. Y. Supp. 576. But he is not limited to that remedy, and may pursue the remedy he has here adopted. If defendant, by its structure, now finds that it has permanently interfered with plaintiff's rights, and that its structure necessarily requires plaintiff's property right in this respect, it has means to determine once and for all how much it should pay, by invoking the authority vested in it by statute. Until such time, if it chooses to continue the illegal act, it does so at the peril of responding in damages.

As the former recovery was no bar to the present action, the judgment appealed from should be affirmed, with costs.