Charlotte Y. Ackerman, Respondent, v. Clarence F. True, Appellant.

*Equity action — a judgment therein for damages only, containing a provision for the assessment in a certain contingency of further damages — right to have the damages assessed by a jury — fee damages determined only where the right of eminent domain exists.*

A judgment cannot be sustained which declares certain dwelling houses, erected by the defendant upon a city street, to be unlawful obstructions of the public highway and an unlawful interference with the easements of light, air and access appurtenant to a vacant lot of the plaintiff, denies the mandatory injunction against their maintenance demanded in the complaint, and awards damages, and provides that " if at any time hereafter a building is erected upon the plaintiff's said lot by the plaintiff or her grantees, and the person so erecting said building desires to, but is unable to obtain lawful permission and authority to project said* the same as far into Riverside Park or Drive as the projection of the defendant's buildings extends, the plaintiff or her successor in interest shall have the right to reopen this case and to recover the additional damage then sustained by them because of the interference with the light, air and access appurtenant to said building or buildings to be erected because of said unlawful encroachment of the defendant's buildings."

The award of damages being the sole relief granted, the defendant is entitled to have the assessment of damages made by a jury, and cannot be deprived of such right by the act of the plaintiff in bringing her action in equity.

*Semble,* that the right of a court of equity to determine that an encroachment sought to be restrained is of such a character as will constitute it a continuing trespass, and to assess the permanent damages and direct a conveyance of the fee upon their payment will not be exercised in favor of individuals or corporations not vested with authority to invoke the power of eminent domain.

Appeal by the defendant, Clarence F. True, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of June, 1900,

---

\* *Sic.*

upon the decision of the court rendered after a trial at the New York Special Term adjudging that certain projections on buildings erected by the defendant referred to therein are nuisances, awarding the plaintiff $2,500 damages, and granting the plaintiff the right to reopen the case.

*Alfred B. Cruikshank*, for the appellant.

*William J. Kelly*, for the respondent.

HATCH, J.:

This action was brought to obtain a judgment declaring six dwelling houses erected by the defendant upon the east side of Riverside drive, between Eighty-second and Eighty-third streets, in the city of New York, to be unlawful obstructions to the public highway and an unlawful interference with plaintiff's easements of light, air and access, and for a mandatory injunction against maintaining the same, with damages.

Briefly stated, the material facts are as follows : The plaintiff is the owner of a lot situated on the northeast corner of Riverside drive and Eighty-second street. She also owns a house and lot on Eighty-second street adjoining the lot mentioned. The defendant owns the lot fronting on the drive lying north of and adjoining the plaintiff's lot. Riverside drive is a public highway and a part of Riverside park. The plaintiff's lot is vacant. In the spring of 1898 the defendant began the erection on the east side of the drive, between Eighty-second and Eighty-third streets, and immediately adjoining plaintiff's lot on the north, of a row of first-class private dwelling houses, six in number, each having a swell front extending from the ground to the roof, five stories, and each projection being of different shape and extending or projecting about four feet beyond the building line. The house next the plaintiff's premises projects into Riverside drive about three feet six inches, and the others project in irregular shape, the extent of the projections differing, but all extending over the building line into the street.

It is contended by the defendant that the houses were erected pursuant to plans filed with the building department of the city of New York and approved by both departments. The question whether or not the park commissioners consented to the erection

was sharply contested, and the court has found that the alleged consent is invalid, but as in our view the case must be decided upon other grounds, this question will not be discussed.

The court below has found and decided that the projection of defendant's buildings beyond the line of the street is illegal, without authority, and constitutes a public nuisance; that such projections are detrimental to the plaintiff and damage her lot, interfering with light, air and access appurtenant to the lot and with plaintiff's property rights in the street. The injunction prayed for is denied, but damages are awarded to the plaintiff in the sum of $2,500 for injury to her lot, and judgment has been entered accordingly, which judgment, in addition to the relief mentioned, provides that "if at any time hereafter a building is erected upon the plaintiff's said lot by the plaintiff or her grantees, and the person so erecting said building desires to, but is unable to obtain lawful permission and authority to project said* the same as far into Riverside Park or Drive as the projection of the defendant's buildings extends, the plaintiff or her successor in interest shall have the right to reopen this case and to recover the additional damage then sustained by them because of the interference with the light, air and access appurtenant to said building or buildings to be erected because of said unlawful encroachment of the defendant's buildings in said Drive or Park, and that the plaintiff or her successors in interest, the owners of her said lot, may apply at any time, at the foot of this judgment, for such further relief as may be necessary or proper to render this judgment effectual."

It is clear that this judgment cannot be upheld. The only relief which the court had authority to grant in this action was to award a mandatory injunction, if the evidence showed that the defendant was maintaining an illegal structure in the street from which the plaintiff sustained substantial damage, together with an award of such damages as she had sustained up to the time of the entry of the judgment. (*Pappenheim* v. *Metropolitan Elevated R. Co.,* 128 N. Y. 436.)

Where the right to institute proceedings *in invitum* exists, the court has power, in an equitable action, to determine that the

---

* *Sic.*

encroachment is of such a character as will constitute it a continuing trespass, and so determining a judgment may be awarded assessing the permanent damage and directing a conveyance of the fee upon its payment, together with such past damages as have been sustained, not exceeding the period of six years. These principles have been so frequently stated and applied, and have become so well settled, that any discussion of them would now be out of place. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98.)

Such rule, however, never applied to individuals or corporations not vested with authority to invoke the power of eminent domain. (*Stowers* v. *Gilbert*, 156 N. Y. 600.) In such case the plaintiff elects, if he come into equity, to take as his sole relief the injunction for which he prays, and such damage as he has sustained up to the time of the judgment, not exceeding six years. If he desires damages he must seek them upon the law side of the court, and is therein limited to such as he has sustained up to the date of bringing his action, and for the continuous trespass he may maintain successive suits if he sustain damage therefrom. (*Covert* v. *City of Brooklyn*, 13 App. Div. 188.)

These principles have been violated in this case, for here the court has denied the injunction and proceeded to assess for the permanent damage sustained. In addition to this the provision of the judgment confers authority upon a contingency, to apply for further damages and continues the same in the plaintiff and subsequent grantees of the property. For such provision there is no authority. A judgment which a court is authorized to pronounce must be either final or interlocutory. It is difficult to determine in what category this one falls. It is not final because further damages may subsequently be granted. It is not interlocutory in a legal sense, because no interlocutory judgment granting this relief is authorized in such a case. It is evident that it is not a legal judgment because it may not be sustained upon any legal principle of which we are aware. As the award was of damages and nothing else, it is also evident that the court was without power to assess them. The defendant was entitled upon such question to a trial by jury, and of it the plaintiff could not deprive the defendant by bringing her action in equity, nor could the court assume the function of assessing

damages against the protest of the defendant. (*Libmann* v. *Manhattan Railway Co.*, 59 Hun, 428.) The plaintiff may waive her right to a trial by jury by bringing her action in equity, but this fact does not deprive the defendant of his constitutional right in this respect. (*Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 105 N. Y. 319.)

The defendant made demand for a trial of the question by a jury, which was denied. It is true that this demand was not made until after the trial was opened, but it was made as soon as the defendant had opened his case and the court had disposed of the motion to dismiss. This was the first time that the defendant could raise the question properly, as up to that time he had a right to rely upon the fact that the plaintiff would limit her demand to such equitable relief as was justified by the issues which the pleadings presented, and which the court might have had authority to grant, or, at least to determine. It was, therefore, error to retain the action for the purpose of determining the damage sustained by the plaintiff.

For the reasons stated the judgment should be reversed and a new trial granted, with costs to the appellant to abide event.

Van Brunt, P. J., O'Brien, Ingraham and McLaughlin, JJ., concurred.

Judgment reversed, new trial granted, costs to appellant to abide event.