## ACKERMAN v. TRUE.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

1. INTERFERENCE WITH EASEMENT—FAILURE TO OBJECT—ESTOPPEL.
   Plaintiff owned and was in possession of a vacant city lot adjoining defendant's lots, on which defendant erected six houses, with "swell fronts," projecting three to four feet beyond the building line into the street. Plaintiff made no objection to such projection while the houses were being built. *Held*, that she was not estopped from afterwards claiming that such projections were an interference with her easements of light, air, and access.

2. SAME—RIGHT OF ACTION—WHEN DAMAGE ACCRUED.
   Where defendant built six houses, with "swell fronts," projecting three to four feet into the street, plaintiff, as owner of an adjoining vacant lot, was not thereby specially damaged; but such projections would damage her when she built on her lot, and she could then, but not before, maintain an action to compel their removal.

3. SAME—TRIVIALITY OF INJURY—DEFENSE.
   Where defendant built six houses, with "swell fronts," projecting three to four feet into the street, it is no defense to an action by an adjoining lot owner to compel removal of the interference to her easements of light, air, and access, that her injury, as compared with defendant's, in case the latter is compelled to cut off the fronts of his buildings, will be trivial.

   Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Charlotte Y. Ackerman against Clarence F. True. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

William J. Kelly, for appellant.

Alfred B. Cruikshank, for respondent.

McLAUGHLIN, J. This action was brought to obtain a judgment establishing that a portion of the walls of six houses belonging to the defendant, situated upon the east side of Riverside Drive, between Eighty-Second and Eighty-Third streets, in the city of New

York, are unlawful obstructions in the public highway, and, as such, an interference with the plaintiff's easements of light, air, and access, and for a mandatory injunction against the maintenance of the same, together with damages. There have been two trials of the action. Upon the first trial the plaintiff obtained a judgment awarding her damages, with the privilege of applying in the future to the court for leave to reopen the case and prove additional damages in the event of the erection of a building upon her lot; but on appeal this judgment was reversed, and a new trial ordered (Ackerman v. True, 56 App. Div. 54, 66 N. Y. Supp. 6), on the ground that, the award of damages being the only relief granted, the defendant was entitled to have the assessment of damages made by a jury, and could not be deprived of such right by the act of the plaintiff in bringing her action in equity. Upon the second trial the complaint was dismissed upon the merits, the court holding that the plaintiff had not suffered any special damage to her lot by reason of the alleged illegal encroachments of the defendant's buildings in the street; that she had been guilty of laches in not objecting to their erection, and that she had acquiesced in them; and, as a conclusion from these facts, that she was "estopped from asking for a mandatory injunction to compel the taking down of the structures."

The facts, so far as they are material to the question involved, are substantially as follows: The plaintiff purchased from the defendant, and is now the owner and in possession of, a vacant lot of land situate at the northeast corner of Riverside Drive and Eighty-Second street. It had a frontage of 13 feet 4¾ inches on Eighty-Second street, and 60 feet 4¾ inches on Riverside Drive. In 1898, after the plaintiff had purchased her lot, the defendant began, and has since completed, the erection of six dwellings north of, and immediately adjoining, the plaintiff's lot. Each of these dwellings has a "swell front," extending from the ground to the roof,—five stories,—and each projection being of different shape, extending between three and four feet beyond the building line into the street. The walls of the house next to and adjoining the plaintiff's lot extend beyond the building line three feet and six inches into Riverside Drive, which is a public highway. The defendant contends that the structures of which the plaintiff complains are not illegal, inasmuch as they were constructed according to plans filed with the building department, and approved by the park commissioners of the city. The trial court, in view of the conclusions reached, deemed it unnecessary to, and did not, pass upon this question, but assumed, for the purposes of the decision made, that such structures are illegal. Therefore that question is not now before us; and, in view of the finding made by the trial court to the effect that the plaintiff had not sustained any damage by reason of the alleged illegal structures, we should affirm the judgment, were it not for the further finding made, to the effect that the plaintiff acquiesced in their construction, and by reason thereof is estopped from invoking the exercise of the equitable powers of the court to compel their removal. This finding is clearly against the weight of evidence. Acquiescence in an act, sufficient in law to create an estoppel, implies full knowledge, as well

as the legal effect, of the act acquiesced in; and where the facts are known to both parties, or where both parties have the same means of ascertaining the truth, in the absence of fraud or bad faith, there can be no estoppel. Nor can there be an estoppel unless something is done or omitted to be done which has the effect of misleading the opposite party, or inducing him to act in a different way than he otherwise would. Here there is no claim made that the defendant located a portion of his buildings in the public street by reason of any act of the plaintiff, or that the plaintiff, by any act either of omission or commission, misled him in any respect. How, then, can it be claimed, if these structures do deprive her of her property rights, that she is estopped from asserting them because she did not, prior to the erection of the buildings, apply to the court to restrain the defendant from doing what he had no legal right to do? One cannot be deprived, in law, of his property in this way. There was no obligation resting upon her to interfere with the defendant unless she knew what rights of her own were by his acts being interfered with, and that he was misled by reason of her noninterference, to his injury. There is no such proof. Nor can the fact that she remained silent, in the absence of such knowledge, operate as an estoppel to assert her rights, inasmuch as she was at the time in possession of her lot, and that possession was sufficient notice that he could not, without her consent, deprive her of any interest therein. But it is said the plaintiff has not sustained any special damage by reason of the alleged illegal structures in the public street. At the present time this is undoubtedly true, but it does not need expert evidence to inform the court that these structures, whenever the plaintiff, or those claiming through her, shall erect a building upon the lot, will materially depreciate the value of the lot, and then cause her special damage. Crocker v. Insurance Co., 61 App. Div. 226, 70 N. Y. Supp. 492; Rudolph v. Ackerman, 58 App. Div. 596, 69 N. Y. Supp. 68. When that time shall arrive, she or the owner of the lot will have been deprived of the easements of light, air, and access appurtenant to the lot, to the extent that these structures are placed in the public street. These are easements appurtenant to the lot. They go and add value to it, and equity will not permit the owner of the lot to be deprived of them in the manner here sought. Nor is it any answer to these suggestions to say that the damages sustained by the owner of that lot will be trivial, in comparison with the great damage suffered by the defendant if he is compelled to cut off the front of all his buildings. No invasion of the property rights of another is, in law, deemed trivial. Robert v. Sadler, 104 N. Y. 231, 10 N. E. 428, 58 Am. Rep. 498. The rights of one, no matter how small, are equal to the rights of another, no matter how great; and, whenever it is made to appear that the rights of one have been encroached upon by the illegal act of another, that moment equity interferes, and insists that the illegal act shall be remedied, or else due compensation made therefor.

The judgment appealed from, therefore, must be modified by providing that it shall be without prejudice to the right of the plaintiff, or those claiming title through or from her, either by grant, inherit-

ance, or otherwise, whenever they shall build upon the lot in question, to maintain an action against the defendant, or those claiming title to or through him, either by grant, inheritance, or otherwise, to compel the removal of the illegal structures, if such they shall be found to be, together with such damages as the owners of the lot may establish; and, as thus modified, the judgment must be affirmed, without costs to either party.

HATCH, O'BRIEN, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J.   I dissent.   I think that the plaintiff is entitled now to have that part of the wall removed which projects into the street, and which is a palpable obstruction of the light, air, and access to the adjoining lot.