(120 App. Div. 172)

ACKERMAN v. TRUE.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

1. MUNICIPAL CORPORATIONS—STREETS—ENCROACHMENTS—MEASURE OF DAMAGES.

In an action against an adjoining landowner for an encroachment on the highway, the measure of damages was the difference in value between the plaintiff's premises with the encroachment and without it; and hence the court properly found that plaintiff suffered substantiated special damages where her property was worth less with the encroachment than

without it; though it was worth more than it was before the encroachment.

2. NUISANCE—ABATEMENT—JUDGMENT.

A judgment directing the abatement of a nuisance consisting of projections of buildings into the street rendered against a person no longer the owner of the buildings or having any rights in the premises was ineffectual.

3. LIS PENDENS—PURCHASERS PENDING SUIT.

Where an action to abate a nuisance consisting of projections of buildings into the street was brought against the owner of the buildings, and he conveyed them to A. before the judgment was rendered directing him to remove the projections, the doctrine of common-law lis pendens does not apply; and hence A. is not bound by the judgment against his grantor, and cannot be brought in on motion and compelled to execute it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Lis Pendens, §§ 3, 38.]

4. APPEAL—DETERMINATION—DISPOSITION OF CAUSE—NECESSITY FOR NEW TRIAL.

Where, pending an action to compel the removal of a nuisance consisting of buildings projecting into the street, the buildings were conveyed by defendant, and damages were waived by the plaintiff on the trial and the amount found was for permanent damages instead of those suffered from year to year, the court on appeal cannot modify the judgment by reversing the injunction for the removal of the nuisance and awarding damages, but must order a new trial.

Patterson, P. J., and Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Charlotte Y. Ackerman against Clarence F. True. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

Alfred B. Cruikshank, for appellant.
James W. Treadwell, for respondent.

HOUGHTON, J. The action is brought to compel the removal of a nuisance, consisting of projections into the street of a building standing upon land owned by defendant at the time of bringing the action, with damages for its continuance on the ground that plaintiff suffers special damage to her adjoining premises thereby. All the material facts appearing in the case are stated in the opinions on the appeals to this court (56 App. Div. 54, 66 N. Y. Supp. 6; 71 App. Div. 144, 75 N. Y. Supp. 695) and in the opinion rendered in the Court of Appeals where all the main questions involved were settled in plaintiff's favor (175 N. Y. 353, 67 N. E. 629).

The appellant urges, however, that the trial court erred in finding that plaintiff suffered substantial special damages to her adjacent property by the maintenance of the nuisance, because he adopted the rule of value with the encroachment and without it, instead of following the rule laid down in the elevated railway cases of taking into consideration the benefits of the structure, which, as a whole, was claimed to have materially benefited plaintiff's property. We think the court adopted the proper rule as to damages, and that the rule

invoked by appellant is not applicable to controversies such as are involved in this action between private individuals.

The appellant also insists that plaintiff cannot maintain her action, and especially cannot have a mandatory injunction for removal of the nuisance, because she herself has encroached upon the same street by a coping and iron fence around her lot, and relies upon Wormser v. Brown, 149 N. Y. 163, 43 N. E. 524, to sustain this contention. The same encroachment by plaintiff appeared on the former trial, and was discussed by the Court of Appeals and deemed insufficient to bar her rights, and hence the question is not open for our consideration, even if we entertained any different view. The encroachment of plaintiff's house on Eighty-Second street could have no such effect in any event.

It appears by the present record, and the fact is specially found by the court, that at the time of the trial this defendant was not the owner of the premises, the buildings on which projected into the street and thus constituted a nuisance, but that he had conveyed them to one Applegate. Notwithstanding this fact, a judgment was rendered commanding him to enter upon the premises and remove that part of the building which encroached upon the street, which necessitated tearing down its entire front. At the opening of the trial the plaintiff waived all damages against the defendant, for the maintenance of the nuisance, and the only judgment which was rendered was one for its removal. In view of the finding of the court, it must be assumed that the conveyance by the defendant of the premises upon which the building stood to Applegate was real, and operated to transfer the title to the grantee. The judgment rendered, therefore, directs the defendant to enter upon another man's property and destroy the building thereon. This in law is an impossible thing for him to do. Only the owner can be so compelled. Courts do not and should not render fruitless judgments (Osterhoudt v. Board of Supervisors, etc., 98 N. Y. 239; Mahr v. N. U. F. Ins. Society, 127 N. Y. 452, 28 N. E. 391), and the court should not have decreed that the defendant do a thing which it affirmatively appeared he could not do. The question which presented itself to the court before it rendered its judgment was not one of pleading, but a distinct and independent fact which showed the futility of the only judgment which plaintiff asked against the only defendant to the action.

But it is insisted that Applegate took title from defendant with notice, and that the doctrine of common-law lis pendens applies to him, and that he is bound by the judgment rendered against this defendant, and can be brought in on motion and compelled to execute it. The doctrine of common-law lis pendens applies only to actions in rem. Hailey v. Ano, 136 N. Y. 569, 32 N. E. 1068, 32 Am. St. Rep. 764; Lamont v. Cheshire, 65 N. Y. 30, 36; Cleveland v. Boerum, 24 N. Y. 613, 617. The plaintiff's action does not concern the title of the premises which defendant formerly owned. The only controversy is whether there is attached to the building on the land something which constitutes a nuisance in the public street injurious to the plaintiff. The relief which the plaintiff asks is that something which is in the street, and a nuisance and detrimental to her own property, be removed. That this nuisance chances to be attached to a building on

certain land does not bring the title to the land itself into controversy, but only affects the thing which constitutes the nuisance. The theory upon which a nuisance may be abated by an individual is that it is a continuous invasion of such individual's rights. It is like a continuous trespass. In Hailey v. Ano, supra, it was distinctly held that neither under the Code nor at common law did the doctrine of lis pendens apply in an action for trespass; and hence that a purchaser of land, pending such an action, was not concluded by the subsequent judgment therein. In our view, it could not be held that Applegate was bound by the judgment against this defendant, and hence he could not be compelled, on motion, to carry out the decree. When it appeared to the trial court that the present defendant was no longer the owner of the property upon which the nuisance existed, he could have suspended the trial and directed the plaintiff to bring in the then owner (Code Civ. Proc., § 452; Mahr v. N. U. F. Ins. Society, supra), or, except for the fact that the plaintiff had waived her damages against the defendant, render judgment against him for such damages. Each owner of the premises is liable to the plaintiff for the damages which she suffers to her property from the nuisance during the time he maintains it. There is no plea in defendant's answer that he is not still the owner, and it is possible that he would be liable for the whole of such damage up to the time of the trial of the action. The difficulty with suspending the trial of the action and directing the plaintiff to bring in the present owner of the property is that the ownership may continually change to bona fide grantees, and hence that the court would never be able to render a judgment of abatement of the nuisance. Of course, irrespective of the court on its own motion, directing a person interested to be brought in as a party, the plaintiff has the right to bring in the present owner and make him a party to the litigation, and attempt to obtain judgment while he is still such owner. The plaintiff having a right of action for damages against each owner for the period for which he may maintain the nuisance, her most practical remedy would seem to be to bring such several actions and recover her damages, until such time as she shall be fortunate enough to find a defendant who still retains title to the property and upon whom a judgment of abatement can operate. It may be said that this is a hardship, and puts her to much litigation to maintain her rights, but that is her misfortune, and it is better that she should be put to this hardship than that the court should be compelled to hold the action continually and retry it against new parties and never be able to render an effectual judgment.

If it shall transpire on the new trial, which we are constrained to order, that Applegate is not a bona fide grantee and that the present defendant is the real owner, a full judgment can then be rendered. If, however, the present defendant is not the owner, damages may be awarded against him. We cannot modify the present judgment, although the damages are found, by reversing the injunction and awarding damages, for two reasons, one of which is that damages were waived by plaintiff on the trial, and the other is that the amount found was for permanent damages and not for those suffered from year to year.

In our view, there is no alternative other than to order a new trial generally.

The judgment should be reversed,. and a new trial granted, with costs to the appellant to abide the event.

McLAUGHLIN and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). I am of opinion that since this action affected the right to the possession of the building of the adjacent premises, which unlawfully projected into the street, the common-law doctrine of lis pendens applies, and the purchaser took title subject to the right of the plaintiff to have the nuisance abated, and that either he is obliged to suffer defendant to abate it or he may be compelled to abate it himself.

PATTERSON, P. J., concurs.