PEOPLE ex rel. ACKERMAN v. STOVER et al., Com'rs of Parks.

(Supreme Court, Appellate Division, First Department.   May 6, 1910.)

MANDAMUS (§ 98*)—GROUNDS—COMPELLING MUNICIPAL OFFICERS TO ABATE NUISANCE.

An owner of property abutting on a driveway under the jurisdiction of city park commissioners may by mandamus compel them to remove an illegal incumbrance upon the driveway, consisting of dwelling houses on lots adjoining such owner's property erected beyond the building line, which buildings prevent the public from using the sidewalk, obstruct public travel along the street, obstruct the view from such owner's property, and interfere with her easements of light, air, and access; the encroachment being a public nuisance and a private nuisance as to her.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 98.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Charlotte Y. Ackerman. against Charles B. Stover and others, Commissioners of Parks of the City of New York. From an order denying the writ, relator appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Lindsay, Kalish & Palmer (Edwin L. Kalish, of counsel), for appellant.

Archibald R. Watson, Corp. Counsel (Terence Farley, of counsel, and Theodore Connoly, on the brief), for respondents.

CLARKE, J.   Appeal from an order denying an application for a peremptory writ of mandamus and dismissing the petition, "unless and provided that if the relator bring in as additional defendants the present owners of the offending premises, referred to in said petition, permission being hereby granted to bring in said owners, an alternative writ of mandamus directed to said defendants issue out of and under the seal of this court, commanding them to forthwith show why they should not be directed to remove and abate the encroachments referred to."

This was a notice of motion upon a petition to compel the park commissioners of the city of New York to abate a nuisance. The petition

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

set forth that petitioner was a citizen and for upwards of about 20 years last past owned in fee simple and resided in the dwelling house at No. 331 West Eighty-Second street; that on or about the 15th of March, 1898, Clarence F. True and wife conveyed to her the piece of real property adjoining the premises where petitioner resides, at the corner of Eighty-Second street and Riverside Drive; that since the erection of petitioner's dwelling house, and shortly after the conveyance to her of said premises, and while said True was the owner in fee simple of the several lots fronting on Riverside Drive adjoining said property, and extending therefrom northerly to the southerly side of West Eighty-Third street, the said park board suffered to be erected on said last-described property six buildings, each five stories in height, to be used as dwelling houses; that the entire front wall from the basement to the roof of said buildings extends into and encroaches upon said Riverside Drive from three to four feet in a line perpendicular to the easterly side of said drive; that such encroachments, on said Riverside Drive, have been and are maintained thereon by the sufferance and with the consent of said park board; that the said encroachment prevents the public from using said sidewalk, and obstructs public travel along said street, and seriously injures the property of the relator hereinbefore described, and obstructs the view of and from said property of the relator, and interferes with the relator's easements of light, air, and access; that the encroachment of said wall is unlawful and is maintained in violation of law and the rights of your petitioner and contrary to the provisions of the Greater New York Charter (Laws 1901, c. 466); that the park board has control of Riverside Drive, and it is its duty to remove all illegal structures and incumbrances therefrom, including those mentioned; that petitioner had caused to be served a notice requiring the removal of said incumbrance and had been informed that the city of New York and the said park department would take no action; that said encroachments have not been abated or removed.

For about 11 years Mrs. Ackerman, by legal proceedings, has been endeavoring to put an end to the illegal obstruction of a public street, caused by the erection upon Riverside Drive, on land adjacent to hers, of houses whose front walls project beyond the building line. Ackerman v. True, 56 App. Div. 54, 66 N. Y. Supp. 6; Id., 71 App. Div. 143, 75 N. Y. Supp. 695; Id., 175 N. Y. 353, 67 N. E. 629; Id., 120 App. Div. 172, 105 N. Y. Supp. 12. In the case in the Court of Appeals, that court unanimously held:

"That this encroachment upon the street was a public nuisance, and that as to the plaintiff it was a private nuisance, we have no doubt. * * * It becomes obvious, we think, that the plaintiff was entitled to maintain this action, not only for the purpose of abating the nuisance, but also to recover any damages she might have sustained by reason of the wrongful act of the defendant in constructing and maintaining this encroachment upon the street."

It might be supposed that, with this emphatic declaration of her rights by the court of last resort, she was in a fair way to obtain the relief demanded. Upon the new trial ordered by the Court of Appeals, she did obtain a judgment on January 21, 1905, directing a man-

datory injunction for the removal of the nuisance. It appeared that upon that trial the plaintiff waived all damages against the defendant for the maintenance of the nuisance, and the only judgment that was rendered was one for its removal. Upon appeal (120 App. Div. 172, 105 N. Y. Supp. 12) this court by a bare majority vote felt constrained to reverse, upon the ground that at the time of the trial the defendant True was not the owner of the premises, but had conveyed them to one Applegate, and that the judgment rendered directed the defendant True to enter upon another man's property and destroy the building thereon. The court also said:

"In our view it could not be held that Applegate was bound by the judgment against this defendant, and hence he could not be compelled, on motion, to carry out the decree. When it appeared to the trial court that the present defendant was no longer the owner of the property upon which the nuisance existed, he could have suspended the trial and directed the plaintiff to bring in the then owner. * * * The difficulty with suspending the trial of the action and directing the plaintiff to bring in the present owner of the property is that the ownership may continually change to bona fide grantees, and hence that the court would never be able to render a judgment of abatement of the nuisance."

It is claimed that the difficulty foreshadowed by the court has proved a real one; that, notwithstanding the strenuous efforts of the plaintiff to obtain a judgment against the actual owner of the property, every time she brings the case on for trial it is discovered there has been a further change of ownership, and the proceedings must be begun de novo. She has now applied to the public authorities, having jurisdiction over the street, whose duty it is to prevent and remove encroachments thereon, to do their duty, and upon their refusal to act has invoked the power of the court to compel these public officials to perform their plain duty by mandamus.

In People ex rel. Winthrop v. Delany, 120 App. Div. 801, 105 N. Y. Supp. 746, affirmed 192 N. Y. 533, 84 N. E. 1118, we compelled by mandamus the corporation counsel to perform the duty imposed upon him by law of instituting the necessary proceedings to obtain the appointment of commissioners in a street closing case. In People ex rel. Cross Co. v. Ahearn, 124 App. Div. 840, 109 N. Y. Supp. 249, we affirmed an order of the Special Term directing a peremptory writ of mandamus to issue to the president of the borough of Manhattan commanding him to remove certain structures within the line of Fifth avenue appurtenant to the building known as No. 214 Fifth avenue.

In the City of New York v. Rice (N. Y.) 91 N. E. 283, which was an action to restrain the defendant from maintaining, and to compel him to remove, a masonry wall about his property at the southeast corner of Eighty-Ninth street and Riverside Drive, which had been constructed beyond the house or building line and upon the public streets aforesaid, the Court of Appeals affirmed the judgment and held that any erection of permanent and substantial structures on the street not for a public use would constitute an encroachment or obstruction and would therefore be a public nuisance, and said:

"It may be further observed that in the present case it is the city which is invoking the aid of the courts in undoing that which has been illegally done. Our decision in Ackerman v. True has been followed in several well-considered opinions by the Appellate Division of the Supreme Court, and its authority should not now be questioned. See City of New York v. Knickerbocker Trust Co., 104 App. Div. 223 [93 N. Y. Supp. 937]; McMillan v. Klaw & Erlanger Construction Co., 107 App. Div. 407 [95 N. Y. Supp. 365]; Williams v. Silverman Realty & Construction Co., 111 App. Div. 679 [97 N. Y. Supp. 945]; Hatfield v. Straus, 117 App. Div. 671 [102 N. Y. Supp. 934]; People ex rel. Cross Co. v. Ahearn, 124 App. Div. 840 [109 N. Y. Supp. 249]."

No questions of fact are raised by the answering affidavits, and it seems to us the petitioner has established a clear legal right, and the court ought to compel the respondents to do their duty.

The order appealed from is reversed, with $10 costs and disbursements, and the motion for a peremptory writ of mandamus is granted, with $10 costs. All concur.

