McGURTY v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   March 8, 1916.)

1. TRIAL ⬤⟞3—SEPARATING ISSUES—DISCRETION.
Under Code Civ. Proc. § 973, providing for the separate trial of issues, the discretion vested in the court lies in discerning and enforcing the course prescribed by law, and not in giving effect to the arbitrary will of the judge.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. ⬤⟞3.]

2. APPEAL AND ERROR ⬤⟞941—DISCRETION OF LOWER COURT—REVIEW.
It is not within the province of an appellate court to define the discretion of the trial court; such discretion not being measurable by hard and fast rules.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3807; Dec. Dig. ⬤⟞941.]

3. TRIAL ⬤⟞3—NEGLIGENCE CASE—SEPARATING ISSUES—PROPRIETY.
The usual negligence case, wherein a release is pleaded in avoidance of the liability claimed, does not ordinarily present a situation calling for the separation of issues for the prior trial of the release issue, under the provisions for the separate trial of issues of Code Civ. Proc. § 973.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. ⬤⟞3.]

4. JURY ⬤⟞31(2)—TRIAL BY JUDGE—CONSTITUTIONAL RIGHT—CODE.
The various provisions of the Code of Civil Procedure are to be construed as declaratory of the right of trial by jury, rather than as modifying or infringing it, since the Legislature has no power to destroy the constitutionally preserved right to trial by jury.
[Ed. Note.—For other cases, see Jury, Cent. Dig. § 205; Dec. Dig. ⬤⟞ 31(2).]

5. TRIAL ⬤⟞3—SEPARATING ISSUES—RELEASE—TRIAL BY COURT.
Where defendant railroad company pleaded a release as a defense to plaintiff's action for personal injuries, it was error for the court to separate the issues, and order the prior trial of the release issue by the court without a jury, since under Code Civ. Proc. § 968, subd. 1, providing that an issue of fact must be tried by jury in actions where the complaint demands judgment for a sum of money only, by which section the Legislature declared and recorded the constitutional right of trial by jury, plaintiff has the right to a jury trial of every issue of fact in such an action.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. ⬤⟞3; Jury, Cent. Dig. § 18.]

6. TRIAL ⬤⟞3—SEPARATING ISSUES—DISCRETION—PERTINENT MATTERS.
In exercising its discretion to order the separate trial of issues provided for by Code Civ. Proc. § 973, where such separation will result in two or more jury trials, the court should take into consideration any hardship involved to either party, the extent to which the prior trial may include inquiry into all the matters involved in the issues generally, and the amount of additional expense entailed upon the parties by the separate trials.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. ⬤⟞3.]

Appeal from Special Term, Erie County.

Action by Frank McGurty against the Delaware, Lackawanna & Western Railroad Company.   From an order of the Special Term granting defendant's motion for a severance of issues, and prior trial

at the Equity Term of the issue as to a release executed by plaintiff, plaintiff appeals. Order reversed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, and MERRELL, JJ.

Stephen V. O'Gorman, of, Buffalo, for appellant.

Robert S. Stevens, of Buffalo, for respondent.

LAMBERT, J. The action is negligence. By its answer, the defendant, among other things, pleads by way of affirmative defense the execution and delivery for a valuable consideration of a release from liability, executed by the plaintiff. Defendant has moved at Special Term for a separate and prior trial of the issue made by the answer, with reference to such release and its validity. The Special Term has directed that such trial be had separately and in advance of the disposition of the issues of negligence and has directed that such trial be had before the court without a jury. The appeal is from such order.

[1, 2] The practice of separating an issue of this character in negligence cases, and disposing of the same in advance of trial of the negligence issues, is coming to be quite common. Two such instances have arisen in the Second Department, in which opinions were written. Warner v. Star Co., 162 App. Div. 458, 147 N. Y. Supp. 803; Piuntkosky v. Harrington Sons Co., 167 App. Div. 117–123, 152 N. Y. Supp. 902. The authority for such separate trial is to be found in section 973 of the Code of Civil Procedure, wherein it is provided that:

"The court in its discretion may order one or more issues to be separately tried prior to any trial of the other issues in the case."

In this section is ample authority for such separate trial. The section does not indicate, however, the propriety of following such practice in every negligence case. By the statute itself the power conferred is made to rest in the sound discretion of the court. This is equally true, whether the action be negligence or of some other character. It does not lie with an Appellate Court to attempt to indicate the confines of the discretion of the trial tribunal, and such discretion can be measured by no hard and fast rules. Judicial discretion is well defined in Tripp v. Cook, 26 Wend. 152, as follows:

"Judicial discretion is a phrase of great latitude; but it never means the arbitrary will of the judge. It is always (as Chief Justice Marshall defines it) 'a legal discretion to be exercised in discerning the course prescribed by law; when that is discerned it is the duty of courts to follow it. It is to be exercised, not to give effect to the will of the judge, but to that of the law.'"

[3] It is such a discretion, so defined, which is vested by this section of the Code in the trial court; and such a conception effectively negatives the idea that, every time a release is pleaded in avoidance of a claimed liability in negligence, that occasion is presented, calling for a severance of the issues. Doubtless instances, such as aggravated injuries, or injuries under conditions likely to engender prejudice in the minds of the jurors, will be presented, suggesting the advisability of a separate trial, as a means of reaching most closely a

just result. It is our opinion, however, that the usual negligence case does not ordinarily present a situation calling for this more cumbersome procedure.

This conclusion brings us to the more serious question urged upon this appeal. That question relates to the mode of trial of the issues thus severed. At the outset it must be conceded that the issues of negligence tendered by the complaint are what are commonly termed issues of fact for jury trial. Equally clear is it that the issues as to the validity of the release are equitable in character.

[4] The attempted merging of the equity and law courts in this state has not affected to any appreciable extent the right of either party to a trial by jury. That is so because the Constitution of the state still preserves in the parties a right to trial by jury in each instance where such right existed prior to the adoption of the Constitution. This right still obtains, and there is no power in the Legislature to take it away. Hence the various Code provisions are to be construed as declaratory of that right, rather than as modifying or infringing it. There was early presented for determination by the courts of this state the propriety of litigating in one and the same action issues such as are here presented, where the plaintiff was urging a claimed liability at law and the defendant injected into the action by way of answer an issue of an equitable character. The propriety of such a practice has now been definitely settled. Wilcox v. Telephone & Telegraph Co., 176 N. Y. 115, 68 N. E. 153, 98 Am. St. Rep. 650; Sullivan v. Traders' Insurance Co., 169 N. Y. 213, 62 N. E. 146; Smith v. Ryan, 191 N. Y. 452, 84 N. E. 402, 19 L. R. A. (N. S.) 461, 123 Am. St. Rep. 609, 14 Ann. Cas. 505. However, these cases last cited do not go further than to decree the propriety of disposing of such varied issues in one and the same action, and in them is to be found little help in determining the question of the mode of trial of the severed issue in a case like the one at bar.

[5] In declaring and recording the constitutional right of right of trial by jury, the Legislature enacted section 968 of the Code of Civil Procedure. This section reads as follows:

"In each of the following actions, an issue of fact must be tried by a jury unless a jury trial is waived, or a reference is directed: 1. An action in which the complaint demands judgment for a sum of money only. 2. An action of ejectment; for dower; for waste; for a nuisance; or to recover a chattel."

If in its provision that "an issue of fact must be tried by jury" the Legislature has evidenced its intention to provide for such manner of trial of *every* issue of fact in actions of the character indicated in this section, then the mode of trial of the severed issue in this and similar instances must be said to be controlled by that section, even though the severed issue would ordinarily be tried before the court without a jury. A somewhat pertinent construction of this section is to be found in Glenn v. Lancaster, 109 N. Y. 641, 16 N. E. 484. That action was brought to recover upon debt. The liability urged was strictly at common law. While the opinion does not so indicate, yet in Nichols' Work on Practice, hereinafter cited, the author indicates, in connection with this case, that the answer injected into the action an equitable issue for accounting, by way of defense. Question hav-

ing arisen as to whether the action was at law or in equity, appeal from the disposition made finally reached the Court of Appeals, and that court in disposing of it wrote as follows:

"It is not for us now to determine that upon the facts alleged the plaintiff can succeed in the action as one at law to recover a sum of money only. It is certainly difficult to perceive how, with this complaint and these parties, this action could successfully proceed as one in equity. All that we determine is that in form and substance the action is based upon contract, express or implied, and is to recover a sum of money only, and that, therefore, under the section cited, it should have been brought to trial at a jury term. The section of the Code provides that every issue of fact must be tried by a jury, unless a jury trial is waived or a reference is directed 'in an action in which the complaint demands judgment for a sum of money only.' We know of no exception that can be ingrafted upon this provision. While in equity actions relief may sometimes be granted by a judgment for money only, yet where that is the only relief demanded, and no other relief is sought, the case is brought within the section, and the action must be tried before a jury."

It was likewise said in Parker v. Laney, 1 Thomp. & C. 593:

"Where the complaint contains more than one cause of action, and one or more of them must be tried by a jury, all the causes of action must be tried by a jury."

Of like tenor are Wheelock v. Lee, 74 N. Y. at page 500; Van Deventer v. Van Deventer, 32 App. Div. 578, 53 N. Y. Supp. 236. In treating of the same subject, Nichols, in his Work on Practice (volume 2, page 2141), says:

"Under subdivision 1 [section 968], a party is entitled to a jury trial as a matter of right in an action for the recovery of money only, notwithstanding defendant in his answer states grounds entitling him to equitable relief, such as an accounting."

It would thus seem that the plaintiff, by bringing his action, has acquired the right, under our Constitution and under section 968 of the Code, to have a jury trial of every issue of fact in the action. For this conclusion there is to be found support in many of the decisions of our courts, relating to matters of practice, under situations not precisely like that here presented. McNulty v. Mt. M. E. L. Co., 172 N. Y. 410, 65 N. E. 196; Ackerman v. True, 56 App. Div. 54, 66 N. Y. Supp. 6; Green v. Stewart, 19 App. Div. 201, 45 N. Y. Supp. 982.

[6] The foregoing observations lead to the conclusion that a separate trial of the issue made by the affirmative defense in this case, if ordered, must be had before a jury, and that the court was powerless to deprive plaintiff of that right. It seems somewhat unusual to permit two jury trials in the same action. Such a practice may involve considerable hardship to either party. The prior trial of this issue may include inquiry into all the matters involved in the negligence issues, and may entail upon the parties great additional expense. These are all considerations which should enter into the determination of the Special Term, in directing the severance and prior trial.

It is not clear from the record before us that the Special Term would have reached the same conclusion, in the exercise of its discretion, had it appreciated the necessity for a jury trial of the issue thus severed. The order appealed from should therefore be reversed, with usual costs.

Order reversed, with $10 costs and disbursements. All concur.