(95 Misc. Rep. 394)

## HELLINGER v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.   May, 1916.)

1. MUNICIPAL CORPORATIONS ☞667—STREETS—ENCROACHMENT.

Greater New York Charter (Laws 1901, c. 466) § 50, provides that the city shall have no power to authorize the placing or continuing of any encroachment or obstruction on any street or sidewalk, except the temporary occupation thereof during the erection or repairing of a building directly opposite the same, while Code of Ordinances, § 238, permits ornamental projections, providing they do not extend more than one-fifteenth part of the width of the street they are upon, nor in any case more than 5 feet beyond the building line.   Stone stairways of solid masonry leading to entrances of a building erected by the city of New York extended about 6 feet beyond the building line of a street 65 feet wide.   *Held*, that such structures violated both provisions.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1443, 1494–1496; Dec. Dig. ☞667.]

2. MUNICIPAL CORPORATIONS ☞671(7)—STREETS—ENCROACHMENTS—"PRIVATE NUISANCE."

Where a private property holder encroaches beyond the building line to the injury of other abutting owners, his encroachment constitutes a "private nuisance," which is anything done to the hurt and annoyance of the lands, tenements, or hereditaments of another, and the continuance of such encroachment may be enjoined.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1448; Dec. Dig. ☞671(7).

For other definitions, see Words and Phrases, First and Second Series, Private Nuisance.]

3. MUNICIPAL CORPORATIONS ☞671(7)—STREETS—OBSTRUCTIONS—INJUNCTION.

Stone stairways of solid masonry leading to a building erected by the city of New York, which encroached beyond the building line in violation of the charter and ordinances, constitute obstructions, and may be ordered removed, though erected by the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1448; Dec. Dig. ☞671(7).]

4. MUNICIPAL CORPORATIONS ☞671(4)—STREETS—OBSTRUCTIONS—MEASURE OF DAMAGES—LIGHT, AIR, AND ACCESS.

Where an abutting owner was injured by reason of obstructions beyond the building line in front of a building erected by a municipality, he cannot, an abatement of the obstructions having been ordered, recover for injuries to his easements of light, air, and access, on the theory that the injury will be permanent, but may recover only his loss up to the time of the commencement of the action, with the right of successive actions for damages until abatement.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1447, 1450; Dec. Dig. ☞671(4).]

Action by Leopold Hellinger against the City of New York.   On application for mandatory injunction.   Injunction ordered.

Samuel Hellinger, of New York City, for plaintiff.

Lamar Hardy, of New York City (Charles V. Nellany, of Brooklyn, of counsel), for defendant.

DELEHANTY, J. This is an application for a mandatory injunction requiring the city of New York to remove from the sidewalk certain building encroachments and the projections which it has erected. The plaintiff also seeks to be compensated in damages, claiming that the structure in question interferes with the easements to his property of light, air, and access.

[1] Plaintiff owns two five-story tenements located at Nos. 350 and 352 East Fifty-Fourth street, in the borough of Manhattan. The city owns the property adjoining on the westerly side, upon which it has erected a large public bath and gymnasium. In front of this building it has constructed four stone stairways leading to as many entrances, each of which extends about 6 feet from the building line. In width they practically stretch across the entire front of the structure. These stairways are of solid masonry, and offend against the city ordinance which requires that such stoops or stairways should have open backs or railings, and should be of no greater width than is necessary for convenient passageway to the building.

In addition to the stairways the city has erected four massive columns of stone and brick, each of which is 49 feet 6 inches in height. Along the tops of these are projecting caps and stonework extending 6 feet 9 inches beyond the building line. Each column stands upon a stone base 4 feet 4½ inches upon the highway.

The plaintiff has shown that the obstructions complained of have interfered with the use and enjoyment of his property, and that by reason thereof he has suffered a loss in rentals of his buildings, and that the value of his premises, with the standing encroachments of the city, is $6,000 less than they would be without them.

Section 50 of the charter of the city of New York provides that the local city government shall have no power—

"to authorize the placing or continuing of any encroachment or obstruction upon any street or sidewalk, except the temporary occupation thereof during the erection or repairing of a building on a lot opposite the same." Laws 1901, c. 466.

Section 238 of the Code of Ordinances of the City of New York, offered in evidence by the defendant, permits ornamental projections, provided they do not extend—

"more than one-fifteenth part of the width of the street they are upon, nor in any case more than 5 feet beyond the building line."

East Fifty-Fourth street is 60 feet wide. This would entitle the city to extend its ornamental projections but 4 feet. It is therefore apparent that these obstructions violate not only the provisions of the charter, made for the protection of the public in the use of its streets, but they even offend against the ordinance in question.

[2, 3] If the defendant were a private property holder, there is no doubt but that it would have to remove these encroachments. People ex rel. Browning, King & Co. v. Stover, 145 App. Div. 259, 130 N. Y. Supp. 92, affirmed 203 N. Y. 613, 96 N. E. 1126; Ackerman v. True, 175 N. Y. 353, 67 N. E. 629; City of New York v. Rice, 198 N. Y. 124, 91 N. E. 283, 28 L. R. A. (N. S.) 375; People ex rel. Cross Co.

v. Ahearn, 124 App. Div. 840, 109 N. Y. Supp. 249; City of New York v. Knickerbocker Trust Co., 104 App. Div. 223, 93 N. Y. Supp. 937. They clearly invade the property rights of the plaintiff.

When East Fifty-Fourth street was opened as a street, it was opened for the unrestricted use of the public. Assessments were then levied upon the abutting property owners for costs, and were paid upon the implied promise to them that the city would maintain this street in its integrity as a public highway. Easement of light, air, and access from the street attached to their property, and neither the plaintiff nor any other adjoining owner could be deprived of them, in whole or in part, without due process of law. McMillan v. Klaw & Erlanger, 107 App. Div. 407, 95 N. Y. Supp. 365; Abendroth v. Manhattan R. Co., 122 N. Y. 1, 25 N. E. 496, 11 L. R. A. 634, 19 Am. St. Rep. 461.

It is true that there are instances where the withdrawal of a portion of the street from the use of the general public has been permitted and even approved by the courts of this state. But in no case have they sanctioned a material invasion of the property rights of an abutting owner without just compensation. If he is to suffer for the good of the public, he is entitled to compensation for his loss. Moreover, no invasion of the property rights of another is, in law, deemed trivial. Robert v. Sadler, 104 N. Y. 229, 10 N. E. 428, 58 Am. Rep. 498. In Ackerman v. True, supra, the Court of Appeals said:

"It is well established by the decisions of this court that interferences with public and common rights create a public nuisance, and when accompanied with special damage to the owner of lands give also a right of private action to such owner, and that a public nuisance as to the person who is specially injured thereby in the enjoyment or value of his lands becomes also a private nuisance. * * * In the language of Blackstone, a private nuisance is 'anything done to the hurt and annoyance of the lands, tenements or hereditaments of another,' which embraces not a mere physical injury to the realty, but an injury to the owner or possessor as respects his dealing with, possessing, or enjoying it, and that one erecting or maintaining such a nuisance is liable in an action at the suit of another who has sustained such special damages, and he may be restrained in equity from continuing the nuisance. Adams v. Popham, 76 N. Y. 410; Francis v. Schoellkopf, 53 N. Y. 152; Kavanagh v. Barber, 131 N. Y. 211, 213 [30 N. E. 235, 15 L. R. A. 689]; Wakeman v. Wilbur, 147 N. Y. 657, 663 [42 N. E. 341]."

Cases analogous to the one at bar have also been maintained upon the theory of continuing trespass. In Covert v. City of Brooklyn, 13 App. Div. 188, 189, 43 N. Y. Supp. 310, the court said that:

"The fact that defendant had authority of law for the erection of the aqueduct did not vest it with authority to trespass upon plaintiff's rights."

It seems to me, therefore, that it is immaterial whether the obstructions be technically called a nuisance or a trespass. They constitute a wrongful interference with the plaintiff's right of property, and he is entitled to redress.

It is a well-known fact that for over 100 years and until a comparatively recent date the city authorities had acquiesced to a greater or less extent in the erection and maintenance of building projections upon the streets. In the early days when land was more or less plenti-

ful and the streets were not traveled to a great extent, such encroachments upon the highway doubtless did not seriously interfere with the rights of the general public. Times have, however, brought about a new order of things. The population of the city has increased to enormous proportions, and is still rapidly growing. Many residential centers, including the best avenues of the city, have been and are being converted into business sections. Apartments and hotels housing hundreds of people are being erected on areas which heretofore were appropriated to the use of but a few.

These changed conditions have necessarily caused the city government of New York to adopt a policy of reclaiming for the public the use of its streets free from obstructions. The courts, as shown by a reference to the cases above cited, and the recent case of Acme Realty Co. v. Schinasi, 154 App. Div. 397, 139 N. Y. Supp. 266, affirmed 215 N. Y. 495, 109 N. E. 577, L. R. A. 1916A, 1176, have upheld the city authorities in clearing the highways and keeping them clear of building projections. I see no reason why the city itself should be permitted to erect and maintain the very same obstructions and impediments that it prohibits its citizens from erecting or maintaining. There is no power given to it by the city charter to do so, but on the contrary, it is prohibited therefrom by positive limitation. All the reasons advanced as to why a private property holder should not encroach upon the sidewalks apply with the same force to the obstructions erected by the city in the case at bar. It is true that the building in question is devoted to a sanitary and public use. There was, however, no necessity for constructing it beyond the building line to the annoyance of the traveling public and the damage of the adjoining property owner. The city could well have placed this mass of encroaching stone and masonry within the bounds of its premises instead of having so ill-arranged it upon the sidewalk.

There are instances in the books where municipalities have been obliged to respond in damages by reason of the maintenance of an illegal structure (Morton v. City of New York, 140 N. Y. 207, 35 N. E. 490, 22 L. R. A. 241; Covert v. City of Brooklyn, supra), and courts have granted an injunction against corporations engaged in a public service where such corporations maintained a nuisance (Story v. New York El. R. Co., 90 N. Y. 122, 43 Am. Rep. 146). No case has been cited in this jurisdiction or elsewhere where the city has been compelled to remove building encroachments from the sidewalk; nevertheless I am satisfied that under well-established principles of law and equity the facts in this case warrant the granting of an injunction as prayed for.

[4] On the question of damages I take it that the plaintiff is not entitled, as claimed, to recover for a diminution in value of his premises based upon the assumption that the nuisance is to continue forever, and at the same time have judgment of abatement and removal of nuisance. I think his recovery should be limited in amount to what he has sustained in loss of rentals up to the commencement of the action, with the right of successive actions for his damages until the

nuisance be abated. Uline v. N. Y. C. & H. R. R. R. Co., 101 N. Y. 98, 4 N. E. 536, 54 Am. Rep. 661; Barrick v. Schifferdecker, 123 N. Y. 52, 25 N. E. 365; Close v. Witbeck, 126 App. Div. 544, 110 N. Y. Supp. 717.

Ordered accordingly.