MARTIN ZBIESKI, Appellant, *v.* SOLOMON GINSBURG and
GEORGE BINGHAM, Individually and as Receivers of LOUIS
SUKERNEK, Bankrupt, Respondents.

Fourth Department, December 6, 1916.

Master and servant — negligence — dismissal of complaint — failure of
plaintiff to restore money received under release — severance of
issues — when trial of issue as to release need not be had prior
to main issue.

In an action for personal injuries, the effect of the plaintiff's failure to
restore money claimed to have been misconceivedly received by him in
settlement, is a matter to be determined upon the trial upon the merits,
and is not properly before the court on a motion to dismiss the complaint.
Where, in such an action, the plaintiff is a strong able-bodied man, and
suffered only a slight injury resulting in the ultimate loss of a part of
his thumb, there are no circumstances likely to unduly arouse the
passion or prejudice of the jury sufficient to justify a severance of the
issues, and a trial of the issue as to the validity of an alleged release
prior to that of the main issue.

APPEAL by the plaintiff, Martin Zbieski, from a judgment of
the Supreme Court in favor of the defendants, entered in the

office of the clerk of the county of Erie on the 14th day of February, 1916, upon a dismissal of the complaint by direction of the court, and also from an order entered in said clerk's office on the 15th day of February, 1916, setting aside the verdict of a jury, finding that plaintiff had not released defendants from responsibility herein and dismissing the complaint.

The issue as to whether or not a release had been given by plaintiff was separately submitted to the jury.

*William J. Flynn* and *W. J. Wetherbee* [*Hamilton Ward*, attorney], for the appellant.

*Ralph S. Kent* and *Henry W. Willis*, for the respondents.

MERRELL, J.:

We are of the opinion that the trial court erred in dismissing plaintiff's complaint, upon setting aside the verdict of the jury to the effect that the plaintiff had not released defendants from liability prior to the commencement of the action. The question as to whether plaintiff could maintain an action for damages without first having restored what he had already, as he claims, misconceivedly received by way of settlement, was of no concern in the determination of the question submitted to the jury. The effect of plaintiff's failure to restore was a matter to be determined upon the trial of the action upon the merits, and under certain conditions might bar a recovery. But we do not think that question was properly before the court when the complaint was dismissed; nor could it properly then be held, as matter of law, that such failure to restore barred a recovery.

The question as to whether a fraud was perpetrated upon plaintiff when he was paid the $130 and signed the release, thereby relieving him from paying or tendering back the moneys paid him, was never passed upon by the jury.

We do not think that the circumstances of this case were such as to justify a severance of the issues by the learned trial court and a trial of the issue as to the validity of the release prior to that of the main issue. In *McGurty* v. *D., L. & W. R. R. Co.* (172 App. Div. 46) we held that to justify such severance and trial it should appear that the injuries suffered

were such as would be likely to arouse undue sympathy and passion in the minds of the jury, and to a degree that would be likely to cause them to overlook the question as to whether the damages had been released. The facts in this case do not bring it within the rule there laid down. Here the plaintiff, a strong, able-bodied man, suffered only a slight injury resulting in the ultimate loss of a part of his thumb. At the time of the trial there were apparently no circumstances that would be likely to unduly arouse the passion or prejudice of the jury or that would deny defendant a fair trial of the question of the release along with the main issue. We are of the opinion, therefore, that the order severing the issues should be set aside and that the issues should be tried together.

As to the dismissal of the plaintiff's complaint, the order appealed from should be reversed and the case remitted to the Trial Term for a new trial upon all the issues, without costs of this appeal to either party.

All concurred.

Judgment reversed and order modified by striking out the provision dismissing the complaint and inserting in lieu thereof a provision granting a new trial, without costs of this appeal to either party.